Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Phone: (415) 981-4800
Facsimile: (415) 981-4846

George A. Hanson (*pro hac forthcoming)*
hanson@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: 816-714-7100
Fax: 816-714-7101

*Attorneys for Plaintiff Pati Johns*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATI JOHNS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PANERA BREAD COMPANY, a Delaware corporation; and PANERA LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 3:08-cv-1071-MEJ<br><br>**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>CLASS ACTION<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

Plaintiff, Pati Johns, individually and on behalf of the Class defined herein, for her Complaint against Panera Bread Company and Panera, LLC (collectively, "Panera" or "Defendants") hereby states and alleges as follows:

1. The General Managers employed at Panera's bakery-cafes, despite what their title may imply, uniformly spend the majority of their time on non-exempt floor duties, such as working the cash register, preparing food, and sanitizing the cooking and dining areas. Panera improperly classifies these employees as "exempt" employees, however, and fails to pay them overtime, in violation of the Fair Labor Standards Act ("FLSA") and California state law. Plaintiff therefore brings this lawsuit as a nationwide collective action under the FLSA and as a class action under California law to recover unpaid wages owed to Plaintiff and all other similarly situated workers employed in Panera's cafes.

## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1367, this Court has jurisdiction over Plaintiff's state law claims because the state claims are so related to the FLSA claims that they form part of the same case or controversy. Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Panera conducts business in this district.

## INTRADISTRICT ASSIGNMENT

5. Assignment is proper to the San Francisco or Oakland divisions of this District under Local Rule 3-2(c)-(d), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Contra Costa County.

## PARTIES

6. Plaintiff Pati Johns is a California citizen residing in Antioch, California. From March 2005 until January 12, 2008, Plaintiff was employed by Panera as a General Manager in their Antioch bakery-cafe. Plaintiff's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

7. Defendant Panera Bread Company is a Delaware corporation with its principal place of business in Richmond Heights, Missouri. Panera Bread Company does business in the State of California and nationwide.

8. Defendant Panera LLC is a Delaware limited liability company wholly owned by Panera Bread Company. Its principal place of business is also in Richmond Heights, Missouri.

9. Panera Bread Company and Panera LLC are or were the joint employers of Plaintiff and the class of employees she seeks to represent. Panera LLC engaged, suffered, or permitted Plaintiff and Class members to work in the bakery-cafes owned by Panera Bread Company. Panera Bread Company, which posts openings and solicits applications for General Manager positions on the company's website, suffered or permitted Plaintiff and Class members to work in its bakery-cafes, and employs the human-resources or employee-services personnel who had responsibility for the terms and conditions of Plaintiff's and Class members' employment with Panera LLC, including Plaintiff's and Class members' exempt/non-exempt status.

## GENERAL ALLEGATIONS

10. Panera owns and operates at least 493 bakery-cafes in 38 states across the nation, including in California, under the Panera Bread® and Saint Louis Bread Co.® names. With a mission statement of, "A loaf of bread in every arm®," Panera "understands that great bread makes great meals, from made-to-order sandwiches to tossed-to-order salads and soup served in bread bowls."

### Panera's Misclassification of Its "General Managers"

11. Panera employs both "General Managers" and "Assistant Managers" in its bakery-cafes, who each perform both customer service and rudimentary administrative functions at the

bakery-cafes. The majority of both General Managers' and Assistant Managers' workday is spent on non-exempt floor duties, such as working the cash register, preparing food, and sanitizing the cooking and dining areas.

12. Both General Managers and Assistant Managers complete similar "shift routines" (*i.e.*, Opening Manager Shift Routine, Mid Manager Shift Routine, Closing Manager Shift Routine). Each shift routine requires that the majority of the employee's time be spent on regular, non-exempt floor duties, such as working the cash register, preparing food, and sanitizing the cooking and dining areas.

13. Both General Managers and Assistant Managers complete similar administrative tasks, which are primarily clerical in nature and require a minority of their overall time. For example, both General Managers and Assistant Managers take inventory, record leftovers, check email and voice mail, fill in labor/sales tracking data, print employee labor summaries, correct time clock errors, and deposit funds.

14. Panera classifies its Assistant Managers as "non-exempt" employees under the FLSA and pays them overtime wages.

15. Panera misclassifies its General Managers as "exempt" employees under the FLSA, however, and does *not* pay them overtime wages.

**Panera's Failure To Pay Regular and Overtime Wages**

16. General Managers are not allowed to accurately or independently record the time they work for Panera. Instead, regardless of the hours worked, Panera's computer system automatically logs 40 hours per week. For example, Plaintiff's paystubs falsely state that she worked 80 hours every two week pay period. In reality, Plaintiff was expected to work, and did in fact work, more than 40 hours per week. She was not paid for the time she worked beyond 40 hours each week.

17. In addition to store responsibilities that already exceed 40 hours per week, General Managers are commonly required to attend training and sales meetings requiring travel, time outside the cafe, and effort, all of which is unpaid.

18. The net effect of Panera's policy and practice, instituted and approved by Panera's executives, is that Panera willfully fails to pay regular and overtime compensation to its General Mangers.

**Panera's Failure To Timely Pay All Wages Owed At Termination**

19. Panera also has a policy and practice of not paying its General Managers all the wages due and owing to them upon termination. Aside from failing to pay the unrecorded regular and overtime wages owing to its General Managers, Panera also does not pay its General Managers for all accrued vacation time upon termination.

20. Plaintiff was terminated by Panera on January 12, 2008, after working for Panera since March 2005. She was given a final pay check at the time of her termination, which pay check did not include any unrecorded regular or overtime wages and did not include payment for vacation time she had accrued.

**COLLECTIVE AND CLASS ALLEGATIONS**

21. Plaintiff brings Count I (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

22. Plaintiff brings Count II - V (the state law claims) as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and as the Class Representative of the following persons:

> All current and former General Managers employed by Panera in the State of California within the last four years.

23. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

24. The state law claims, if certified for class wide treatment, are brought on behalf of all similarly-situated persons who do not opt-out of the class.

25. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Panera's practice of failing to accurately record all hours worked and failing to pay General Managers for all hours worked, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and

consent to be party plaintiffs may be determined from the records of Panera, and potential class members may easily and quickly be notified of the pendency of this action.

26. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

27. The class satisfies the numerosity standards. The class is believed to number in the hundreds of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

28. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Panera's actions include, without limitation, the following:

(i) Whether Panera misclassified its General Managers as exempt from overtime requirements;

(ii) Whether Panera failed to keep accurate time records of General Managers;

(iii) Whether Panera failed to pay proper regular and overtime wages to General Managers;

(iv) Whether Panera failed to provide meal and rest breaks to its General Managers in accordance with California law;

(v) Whether Panera failed to pay all compensation due and owing General Managers at termination of employment; and

(vi) Whether Panera's conduct was unfair or unlawful, in violation of the California's Unfair Competition Law.

29. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

30. Plaintiff's claims are typical of those of the class in that class members have been employed in the same General Manager position as Plaintiff and were subject to the same unlawful practices as Plaintiff.

31. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Panera has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Panera, and/or substantially impair or impede the ability of class members to protect their interests.

32. Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members of the class she seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and her undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

33. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

**COUNT I.**
**Violation of the Fair Labor Standards Act of 1938**

34. Plaintiff reasserts and re-alleges the allegations set forth above, and further alleges, against Panera and on behalf of all current or former General Managers employed by Panera within the last three years, as follows.

35. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

36. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

37. Panera is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

38. Panera violated the FLSA by misclassifying employees and failing to pay for overtime. In the course of perpetrating these unlawful practices, Panera has also willfully failed to keep accurate records of all hours worked by its employees.

39. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Though Panera classifies General Managers as exempt, this is an incorrect application of the law. None of the FLSA exemptions apply to Plaintiff or other similarly situated General Managers.

40. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all General Managers in Panera's California locations and in 37 other states across the nation.

41. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Panera acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

42. Panera has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Panera did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

43. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Panera from Plaintiff and all similarly situated employees. Accordingly, Panera is liable pursuant to 29 U.S.C. § 216(b), together with an

additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**COUNT II.**
**Failure to Pay Overtime Wages in Violation of California State Law**

44. Plaintiff reasserts and re-alleges the allegations set forth above, and further alleges, against Panera and on behalf of all current or former General Managers employed by Panera in California within the last four years, as follows.

45. Throughout the liability period, IWC Wage Order No. 5 (8 C.C.R. § 11050) and California Labor Code section 510 required the payment of overtime premium(s) for hours worked in excess of eight in a given workday, forty in a given workweek, or on the seventh day worked in a single workweek. This premium increases to double-time for all hours worked over twelve in a single workday or eight on the seventh day worked in a single workweek.

46. Plaintiff and other similarly situated employees often worked in excess of the maximum number of hours allowed by law without payment of the applicable overtime premiums.

47. Panera failed to pay Plaintiff and other similarly situated employees the overtime required by California law.

48. Panera's failure to pay the correct amount of overtime violates IWC Wage Order No. 5 (8 C.C.R. § 11050) and California Labor Code §§ 510 and 1198.

49. Because Panera failed to pay overtime as required by law, Plaintiff Johns and other similarly situated employees are entitled under California Labor Code §§ 218.5 and 218.6 and 1194(a) to recover the unpaid overtime balance, interest thereon, reasonable attorneys' fees, and costs of suit.

**COUNT III.**
**Violation of the California Business and Professions Code §§ 17200, *et seq.***

50. Plaintiff reasserts and re-alleges the allegations set forth above, and further alleges, against Panera and on behalf of all current or former General Managers employed by Panera in California within the last four years, as follows.

51. Panera's actions, including but not limited to the failure to maintain accurate employee time records, the failure to pay wages earned, and the failure to pay overtime compensation, constitute unlawful conduct and violations of the FLSA. Such actions are also unfair business practices in violation of California Business and Professions Code §§ 17200, *et seq.*

52. Additionally, Panera's violation of California statutes related to the payment of overtime wages and the payment of wages due and owing at the time of termination of employment, also constitute unlawful business practices in violation of California Business and Professions Code §§ 17200, *et seq.*

53. Upon information and belief, Panera continues its unlawful and unfair conduct as previously described. As a result of said conduct, Panera has unlawfully and unfairly obtained monies due to Plaintiff and is unfairly competing in the marketplace.

54. Plaintiff and other similarly situated employees are entitled to restitution of monies due, as well as disgorgement of the ill-gotten gains obtained by Panera, for a period of four years predating the filing of this Complaint.

55. As a direct and proximate result of Panera's conduct, Plaintiff is entitled to equitable relief as appropriate under California Business and Professions Code § 17203, including restitution as well as specific relief to enforce the penalty provisions of the California Labor Code and Fair Labor Standards Act pursuant to Business and Professions Code § 17202.

56. Plaintiff is entitled to attorneys' fees and costs for promoting the interests of the general public in causing Panera to cease its unlawful and unfair business practices, in an amount according to proof, pursuant to California Code of Civil Procedure § 1021.5 and any other applicable law.

**COUNT IV.**
**Failure to Pay All Compensation Due and Owing at Termination in Violation of California State Law**

57. Plaintiff reasserts and re-alleges the allegations set forth above, and further alleges, against Panera and on behalf of all former General Managers employed by Panera in California within the last three years, as follows.

58. California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge.

59. California Labor Code § 202 requires an employer to promptly pay compensation due and owing to a quitting employee within seventy-two hours of that employee's notice of resignation.

60. California Labor Code § 203 provides that, if an employer willfully fails to pay compensation upon discharge or resignation, the wages of the employee shall continue for a period of up to thirty days.

61. Panera has willfully failed to pay all compensation and wages due and owing to Plaintiff and similarly situated employees who were terminated from their employment with Panera. As a result, Panera is liable to Plaintiff and all similarly situated employees for wages in an amount to be determined at trial. Plaintiff are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

**COUNT V.**
**Failure to Provide Rest and Meal Periods in Violation of California State Law**

62. Plaintiff reasserts and re-alleges the allegations set forth above, and further alleges, against Panera and on behalf of all current or former General Managers employed by Panera in California within the last four years, as follows.

63. Plaintiff and similarly situated employees regularly worked in excess of five hours per day without being afforded at least one half-hour meal period in which she was relieved of all duty, as required by California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 5 (8 C.C.R. § 11050).

64. Plaintiff and similarly situated employees regularly worked in excess of ten hours per day without being afforded two half-hour meal periods in which she was relieved of all duty, as required by California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 5 (8 C.C.R. § 11050).

65. Plaintiff and similarly situated employees worked in excess of four hours per day without being afforded a ten-minute rest period.

66. Plaintiff and similarly situated employees regularly worked in excess of eight hours per day without being afforded either or both of the two ten-minute rest periods as required by California Labor Code §§ 226.7 and IWC Wage Order No. 5 (8 C.C.R. § 11050).

67. Plaintiff and similarly situated employees regularly worked shifts in excess of twelve hours per day without being afforded any or all of the three ten-minute periods as required by California Labor Code §§ 226.7 and IWC Wage Order No. 5 (8 C.C.R. § 11050).

68. For each time that Plaintiff and similarly situated employees were not provided the required rest and/or meal period, they are entitled to recover backpay wages in the amount of one additional hour of pay at the employee's regular rate of compensation pursuant to California Labor Code §§ 226.7 and IWC Wage Order No. 5 (8 C.C.R. § 11050).

69. Plaintiff and similarly situated employees are entitled to payment for backpay for each rest and/or meal period that Panera failed to provide during the Class Period. Plaintiff and similarly situated employees are also entitled to payment of their reasonable attorney's fees and costs of suit incurred in recovering the additional pay pursuant to California Labor Code § 218.5, and interest pursuant to California Labor Code § 218.6.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of all others similarly situated, pray for relief as follows:

1. An order certifying that Count I of the action may be maintained as a collective action pursuant to 29 U.S.C. § 216(b);

2. An order certifying that Counts II-V of the action may be maintained as a class action pursuant to Fed. R. Civ. P. 23.

3. Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, among other things, the unpaid balance of compensation owed by Panera;

4. Exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

5. Attorneys' fees pursuant to, among other things, California Labor Code § 1194(a) and pursuant to the Fair Labor Standards Act of 1938;

6. Costs of this suit;

7. Pre- and post-judgment interest; and

8. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

DATED: March 10, 2008

Respectfully submitted,

**GIRARD GIBBS LLP**

By: */s/ Eric H. Gibbs*
Eric H. Gibbs

Dylan Hughes
Geoffrey A. Munroe
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

George A. Hanson
(*pro hac forthcoming*)
**STUEVE SIEGEL HANSON LLP**
330 W. 47th Street, Suite 250
Kansas City, MO 64112
Telephone: (816) 714-7170
Facsimile: (816) 714-7101

*Attorneys For Plaintiff Pati Johns*