1  MARGARET HART EDWARDS, Bar No. 65699
   PHILIP L. ROSS, Bar No. 90042
2  MICHAEL MANKES, Bar No. 179016
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA  94108.2693
5  Telephone:    415.433.1940

6  Attorneys for Defendants
   PANERA BREAD COMPANY AND PANERA
7  LLC

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11  PATI JOHNS, individually, and on behalf      Case No.  CV 08 1071
    of all others similarly situated,
12                                               **PANERA LLC'S ANSWER TO FIRST**
                     Plaintiff,                  **AMENDED COLLECTIVE AND CLASS**
13                                               **ACTION COMPLAINT**
            v.
                                                 CLASS ACTION
14  PANERA BREAD COMPANY, a
    Delaware corporation; and PANERA LLC,
15  a Delaware limited liability company,

16                   Defendants.

17

18          COMES NOW Defendant Panera LLC ("Panera") and for its Answer to the First

19  Amended Collective and Class Action Complaint ("Complaint") filed by Plaintiff Pati Johns

20  ("Plaintiff"), on behalf of herself and all others similarly situated, admits, denies, and alleges as

21  follows:

22                                  **INTRODUCTION**

23          1.      Answering Paragraph 1 of the Complaint, no answer is required to the extent

24  that this Paragraph merely defines the nature of the action, on whose behalf Plaintiff's claims are

25  asserted, and against whom Plaintiff's claims are asserted.  To the extent an answer is required,

26  Panera admits that the General Managers it employed at bakery-cafes are classified as salaried

27  employees who are exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA")

28  and California state law.  Panera denies the implication that it violated any of the statutory or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION
COMPL. (NO. CV 08 1071)

1  regulatory provisions referenced as well as the implication that Plaintiff or other allegedly similarly

2  situated persons are entitled to the relief referenced in Paragraph 1.  Except as expressly admitted

3  herein, Panera denies, generally and specifically, each and every other allegation contained in

4  Paragraph 1.

5                          **JURISDICTION AND VENUE**

6              2.       Answering Paragraph 2 of the Complaint, Panera acknowledges that Plaintiff

7  seeks to invoke the jurisdiction of this Court pursuant to 29 U.S.C. section 216(b) and 28 U.S.C.

8  section 1331.  Panera alleges that Plaintiff has consented and agreed to the exclusive personal

9  jurisdiction and venue of the state and federal courts in the State of Missouri for resolution of all

10  disputes and causes of action arising out of her employment and, therefore, the United States District

11  Court Eastern District of Missouri has jurisdiction over Plaintiff's claims.  To the extent that the

12  recitation of any purported basis for jurisdiction gives rise to an inference that Panera engaged in any

13  unlawful conduct toward Plaintiff and/or some or all of the class of allegedly similarly situated

14  persons, or that they are entitled to any remedy or relief from Panera, such inference is denied.

15  Except as expressly admitted herein, Panera denies, generally and specifically, each and every

16  allegation contained in Paragraph 2 of the Complaint.

17              3.       Answering Paragraph 3 of the Complaint, Panera acknowledges that Plaintiff

18  seeks to invoke the jurisdiction of this Court over her state law claims under the doctrine of pendent

19  jurisdiction and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d)(2)(A).

20  Panera alleges that Plaintiff has consented and agreed to the exclusive personal jurisdiction and

21  venue of the state and federal courts in the State of Missouri for resolution of all disputes and causes

22  of action arising out of her employment and, therefore, the United States District Court Eastern

23  District of Missouri has jurisdiction over Plaintiff's claims.  To the extent that the recitation of any

24  purported basis for jurisdiction gives rise to an inference that Panera engaged in any unlawful

25  conduct toward Plaintiff and/or some or all of the class of allegedly similarly situated persons, or

26  that they are entitled to any remedy or relief from Panera, such inference is denied.  Except as

27  expressly admitted herein, Panera denies, generally and specifically, each and every allegation

28  contained in Paragraph 3 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    2.
COMPL. (NO. CV 08 1071)

1        4.     Answering Paragraph 4 of the Complaint, Panera alleges that Plaintiff has

2 consented and agreed to the exclusive personal jurisdiction and venue of the state and federal courts

3 in the State of Missouri for resolution of all disputes and causes of action arising out of her

4 employment and, therefore, the United States District Court Eastern District of Missouri is the

5 proper venue for Plaintiff's claims.   Panera further alleges that jurisdiction in the Eastern District of

6 Missouri is a more appropriate venue for the convenience of the parties and witnesses and in the

7 interests of justice.  Except as expressly admitted herein, Panera denies, generally and specifically,

8 each and every allegation contained in Paragraph 4 of the Complaint.

9 **INTRADISTRICT ASSIGNMENT**

10        5.     Answering Paragraph 5 of the Complaint, Panera alleges that Plaintiff has

11 consented and agreed to the exclusive personal jurisdiction and venue of the state and federal courts

12 in the State of Missouri for resolution of all disputes and causes of action arising out of her

13 employment and, therefore, assignment of this action is proper in the United States District Court

14 Eastern District of Missouri.   Panera further alleges that jurisdiction in the Eastern District of

15 Missouri, Eastern Division is a more appropriate venue and assignment for the convenience of the

16 parties and witnesses and in the interests of justice.  Panera denies that a substantial part of the

17 alleged events or omissions giving rise to Plaintiff's claims occurred in Contra Costa County and,

18 except as expressly admitted herein, denies, generally and specifically, each and every allegation

19 contained in Paragraph 5 of the Complaint.

20 **PARTIES**

21        6.     Answering Paragraph 6 of the Complaint, Panera is without knowledge or

22 information sufficient to form a belief as to the truth of the allegations contained in the first sentence

23 of Paragraph 6 and, therefore, denies the same. Panera admits that it employed Plaintiff from March

24 2005 through January 12, 2008 as a General Manager at a bakery-café located in Antioch,

25 California.  Panera further admits that Plaintiff attached to her Complaint what she purports to be a

26 Consent to Become a Party Plaintiff.  Except as expressly admitted herein, Panera denies, generally

27 and specifically, each and every other allegation contained in Paragraph 6 of the Complaint.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION
COMPL. (NO. CV 08 1071)

3.

7. Answering Paragraph 7 of the Complaint, Panera admits the allegations contained in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, Panera admits the allegations contained in Paragraph 8.

9. Answering Paragraph 9 of the Complaint, the first sentence states a conclusion of law to which no response is required and, to the extent that the first sentence of Paragraph 9 contains any factual allegations of "joint employer" status, Panera denies, generally and specifically, each and every allegation contained therein. Panera admits that it employed Plaintiff and putative class members to work in bakery-cafes. Panera further admits that it posts openings and solicits applications for General Manager positions on its website, employs human resources personnel who have responsibility for interpreting and enforcing its policies and procedures, and employs personnel who are responsible for classifying employees as exempt or non-exempt. Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation contained in Paragraph 9 of the Complaint.

## GENERAL ALLEGATIONS

10. Answering Paragraph 10 of the Complaint, Panera admits that it operates approximately 500 bakery-cafes in 25 states across the nation, including in California, under the Panera Bread® and Saint Louis Bread Co.® names. Panera further admits that its "concept essence" includes those statements set forth in the second sentence of Paragraph 10. Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation contained in Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, Panera admits that it employs both General Managers and Assistant Managers at bakery-cafes. Panera further admits that General Managers and Assistant Managers perform certain customer service and administrative functions as parts of their jobs. Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation contained in Paragraph 11 of the Complaint.

12. Answering Paragraph 12 of the Complaint, Panera admits that General Managers and Assistant Managers work various shifts and are responsible for opening and closing

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                                  4.
COMPL. (NO. CV 08 1071)

1   the bakery-cafés. Except as expressly admitted herein, Panera denies, generally and specifically,

2   each and every other allegation contained in Paragraph 12 of the Complaint.

3        13.    Answering Paragraph 13 of the Complaint, Panera admits that General

4   Managers and/or Assistant Managers have responsibility for certain administrative duties, including,

5   but not limited to, taking inventory, recording leftovers, checking email and voicemail, completing

6   and analyzing labor/sales tracking data, printing and analyzing employee labor summaries,

7   correcting time clock errors, and depositing funds. Except as expressly admitted herein, Panera

8   denies, generally and specifically, each and every other allegation contained in Paragraph 13 of the

9   Complaint.

10       14.    Answering Paragraph 14 of the Complaint, Panera denies, generally and

11  specifically, each and every allegation contained in Paragraph 14 of the Complaint.

12       15.    Answering Paragraph 15 of the Complaint, Panera admits that it classifies

13  General Managers as salaried exempt and, thus, exempt from the overtime provisions of the FLSA

14  and California law. Except as expressly admitted herein, Panera denies, generally and specifically,

15  each and every other allegation contained in Paragraph 15 of the Complaint.

16       16.    Answering Paragraph 16 of the Complaint, Panera admits that, for payroll

17  processing purposes only, Panera's payroll computer system automatically prints a set number of

18  hours for General Managers. Panera further alleges that Plaintiff was expected to work more than 40

19  hours per week. Except as expressly admitted herein, Panera denies, generally and specifically, each

20  and every other allegation contained in Paragraph 16 of the Complaint.

21       17.    Answering Paragraph 17 of the Complaint, Panera admits that General

22  Managers occasionally attend training and sales meetings that require travel outside the bakery-café.

23  Except as expressly admitted herein, Panera denies, generally and specifically, each and every other

24  allegation contained in Paragraph 17 of the Complaint.

25       18.    Answering Paragraph 18 of the Complaint, Panera admits that General

26  Managers are salaried employees who are exempt from the overtime provisions of the FLSA and

27  California law and are, therefore, not paid overtime. Except as expressly admitted herein, Panera

28  denies, generally and specifically, each and every other allegation contained in Paragraph 18.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    5.
COMPL. (NO. CV 08 1071)

19.    Answering Paragraph 19 of the Complaint, Panera denies, generally and specifically, each and every other allegation contained in Paragraph 19.

20.    Answering Paragraph 20 of the Complaint, Panera admits that Plaintiff's employment with Panera was terminated on January 12, 2008 and that Plaintiff had been employed with Panera since March 2005.  Panera further alleges that Plaintiff was given a final pay check at the time of her termination and that such pay check included payment for all salary and vacation pay due and that Plaintiff received an additional paycheck following her termination, which constituted an overpayment of compensation to Plaintiff.  Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation in Paragraph 20.

## COLLECTIVE AND CLASS ALLEGATIONS

21.    Answering Paragraph 21 of the Complaint, Panera admits that the FLSA claim in this case has been brought as a purported collective action pursuant to 29 U.S.C. section 216(b).  Panera denies the implication that this case is suitable for collective action treatment.  Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation in Paragraph 21.

22.    Answering Paragraph 22 of the Complaint, Panera admits that the state law claims in this case have been brought as a purported class action pursuant to Fed. R. Civ. P. 23.  Panera denies the implication that this case or any of Plaintiff's claims is suitable for class action treatment and that the alleged subclass is a proper class definition.  Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation in Paragraph 22.

23.    Answering Paragraph 23 of the Complaint, Panera admits that Plaintiff seeks to pursue an FLSA claim by those who opt-in to the case pursuant to 29 U.S.C. section 216(b).  Panera denies the implication that this case is suitable for collective action treatment.  Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation in Paragraph 23.

24.    Answering Paragraph 24 of the Complaint, Panera admits that Plaintiff seeks to pursue state law claims on behalf of all similarly-situated persons who do not opt-out of the class.  Panera denies the implication that this case is suitable for class action treatment and that, even if it

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    6.
COMPL. (NO. CV 08 1071)

1    were, an opt-out procedure is appropriate.  Except as expressly admitted herein, Panera denies,

2    generally and specifically, each and every other allegation in Paragraph 24.

3              25.    Answering Paragraph 25 of the Complaint, Plaintiff's demand for relief

4    requires neither an admission nor denial by Panera.  Panera denies the implication that this case is

5    suitable for collective action treatment, that Plaintiff's demand for relief gives rise to any inference

6    that Panera took any unlawful action against Plaintiff and/or some or all of the class of allegedly

7    similarly situated persons, or that Plaintiff and/or some or all of the class of allegedly similarly

8    situated persons are entitled to any remedy or relief from Panera.  Except as expressly admitted

9    herein, Panera denies, generally and specifically, each and every other allegation in Paragraph 25.

10             26.    Answering Paragraph 26 of the Complaint, Panera denies the implication that

11   this case is suitable for class action treatment and denies, generally and specifically, each and every

12   allegation in Paragraph 26.

13             27.    Answering Paragraph 27 of the Complaint, Panera denies the implication that

14   this case is suitable for class action treatment and denies, generally and specifically, each and every

15   allegation in Paragraph 27.

16             28.    Answering Paragraph 28 of the Complaint, Panera denies the implication that

17   this case is suitable for class action treatment and denies, generally and specifically, each and every

18   allegation in Paragraph 28.

19             29.    Answering Paragraph 29 of the Complaint, Panera denies the implication that

20   this case is suitable for class action treatment and denies, generally and specifically, each and every

21   allegation in Paragraph 29.

22             30.    Answering Paragraph 30 of the Complaint, Panera denies the implication that

23   this case is suitable for class action treatment and denies, generally and specifically, each and every

24   allegation in Paragraph 30.

25             31.    Answering Paragraph 31 of the Complaint, Panera denies the implication that

26   this case is suitable for class action treatment and denies, generally and specifically, each and every

27   allegation in Paragraph 31.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION            7.
COMPL. (NO. CV 08 1071)

32.    Answering Paragraph 32 of the Complaint, Panera denies the implication that this case is suitable for class action treatment and denies, generally and specifically, each and every allegation in Paragraph 32.

33.    Answering Paragraph 33 of the Complaint, Panera denies the implication that this case is suitable for class action treatment and denies, generally and specifically, each and every allegation in Paragraph 33.

## COUNT I

### (Violation of the Fair Labor Standards Act of 1938)

34.    Answering Paragraph 34 of the Complaint, Panera incorporates by reference its answers to Paragraphs 1 through 33 of the Complaint, and responds to Plaintiff's further allegations as set forth below.  Panera denies the implication that this case is suitable for class action or collective action treatment.

35.    Answering Paragraph 35 of the Complaint, Panera admits that Plaintiff is entitled to some rights and protections under the FLSA, but, that she is exempt from the overtime provisions of the FLSA.  Panera denies the implication that Plaintiff was deprived of her rights and protections under the FLSA.  Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation in Paragraph 35.

36.    Answering Paragraph 36 of the Complaint, Panera admits that the FLSA regulates, among other things, the payment of overtime pay by certain employers to certain categories of employees.  Panera denies that the provision of the FLSA described in this Paragraph applied or apply to Plaintiff or any allegedly similarly situated person.  Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation in Paragraph 36.

37.    Answering Paragraph 37 of the Complaint, Panera admits that it is an employer that is subject to the FLSA's overtime pay requirements, where applicable.  Panera denies that the FLSA's overtime provisions applied or apply to Plaintiff or any allegedly similarly situated person.  Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation in Paragraph 37.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    8.
COMPL. (NO. CV 08 1071)

38.    Answering Paragraph 38 of the Complaint, Panera denies, generally and specifically, each and every allegation in Paragraph 38.

39.    Answering Paragraph 39 of the Complaint, Panera admits that section 13 of the FLSA, 29 U.S.C. section 213, exempts certain categories of employees from overtime pay obligations and admits that General Managers are properly classified as salaried exempt under the FLSA.  Panera denies Plaintiff's allegation that the FLSA exemptions do not apply to Plaintiff or other allegedly similarly situated General Managers.  Except as expressly admitted herein, Panera denies, generally and specifically, each and every other allegation in Paragraph 39.

40.    Answering Paragraph 40 of the Complaint, Panera denies that it violated the FLSA and denies, generally and specifically, each and every allegation in Paragraph 40.

41.    Answering Paragraph 41 of the Complaint, Panera denies that it engaged in conduct prohibited by the FLSA and denies, generally and specifically, each and every allegation in Paragraph 41.

42.    Answering Paragraph 42 of the Complaint, Panera denies that it violated the FLSA, and denies, generally and specifically, each and every allegation in Paragraph 42.

43.    Answering Paragraph 43 of the Complaint, Panera denies that it violated the FLSA and denies, generally and specifically, each and every allegation in Paragraph 43.

## COUNT II

### (Failure to Pay Overtime Wages in Violation of California State Law)

44.    Answering Paragraph 44 of the Complaint, Panera incorporates by reference its answers to Paragraphs 1 through 43 of the Complaint, and responds to Plaintiff's further allegations as set forth below.  Panera denies the implication that this case is suitable for class action or collective action treatment.

45.    Answering Paragraph 45 of the Complaint, Panera admits that IWC Wage Order No. 5 and California Labor Code section 510 require the payment of overtime premium(s) to certain non-exempt employees for hours worked in excess of eight in a given workday, in excess of forty in a given workweek, or on the seventh day worked in a single workweek and require double-time to certain non-exempt employees for all hours worked over twelve in a single workday or eight

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION
COMPL. (NO. CV 08 1071)                                    9.

1    on the seventh day worked in a single workweek. Panera denies the implication that Plaintiff and/or

2    any allegedly similarly situated person was non-exempt and entitled to overtime premiums under

3    California law. Except as expressly admitted herein, Panera denies, generally and specifically, each

4    and every other allegation in Paragraph 45.

5        46.    Answering Paragraph 46 of the Complaint, Panera denies the implication that

6    Plaintiff and/or any allegedly similarly situated person was non-exempt and entitled to overtime

7    premiums under California law and denies, generally and specifically, each and every allegation in

8    Paragraph 46.

9        47.    Answering Paragraph 47 of the Complaint, Panera denies the implication that

10   Plaintiff and/or any allegedly similarly situated person was non-exempt and entitled to overtime

11   premiums under California law and denies, generally and specifically, each and every allegation in

12   Paragraph 47.

13       48.    Answering Paragraph 48 of the Complaint, Panera denies the implication that

14   Plaintiff and/or any allegedly similarly situated person was non-exempt and entitled to overtime

15   premiums under California law and denies, generally and specifically, each and every allegation in

16   Paragraph 48.

17       49.    Answering Paragraph 49 of the Complaint, Panera denies the implication that

18   Plaintiff and/or any allegedly similarly situated person was non-exempt and entitled to overtime

19   premiums under California law and denies, generally and specifically, each and every allegation in

20   Paragraph 49.

21                                **COUNT III**

22   **(Violation of the California Business and Professions Code §§ 17200, *et seq.*)**

23       50.    Answering Paragraph 50 of the Complaint, Panera incorporates by reference

24   its answers to Paragraphs 1 through 49 of the Complaint, and responds to Plaintiff's further

25   allegations as set forth below. Panera denies the implication that this case is suitable for class action

26   or collective action treatment.

27       51.    Answering Paragraph 51 of the Complaint, Panera denies the implication that

28   it failed to maintain accurate employee time records, failed to pay wages earned or failed to pay

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    10.
COMPL. (NO. CV 08 1071)

overtime compensation in violation of the FLSA and denies, generally and specifically, each and every allegation in Paragraph 51.

52.    Answering Paragraph 52 of the Complaint, Panera denies the implication that it failed to pay overtime compensation or failed to pay wages due and owing at the time of termination in violation of California law and denies, generally and specifically, each and every allegation in Paragraph 52.

53.    Answering Paragraph 53 of the Complaint, Panera denies the implication that it engaged in unlawful or unfair conduct and denies, generally and specifically, each and every allegation in Paragraph 53.

54.    Answering Paragraph 54 of the Complaint, Panera denies the implication that it has obtained ill-gotten gains and denies, generally and specifically, each and every allegation in Paragraph 54.

55.    Answering Paragraph 55 of the Complaint, Panera denies the implication that it has engaged in unlawful or unfair conduct and denies, generally and specifically, each and every allegation in Paragraph 55.

56.    Answering Paragraph 56 of the Complaint, Panera denies the implication that it has engaged in unlawful or unfair conduct and denies, generally and specifically, each and every allegation in Paragraph 56.

**COUNT IV**
**(Failure to Pay All Compensation Due and Owing at Termination in Violation of California State Law)**

57.    Answering Paragraph 57 of the Complaint, Panera incorporates by reference its answers to Paragraphs 1 through 56 of the Complaint, and responds to Plaintiff's further allegations as set forth below. Panera denies the implication that this case is suitable for class action or collective action treatment.

58.    Answering Paragraph 58 of the Complaint, Panera admits that California Labor Code section 201 requires an employer who discharges an employee to pay compensation due and owing upon discharge. Panera denies the implication that Plaintiff or any other allegedly similarly situated person was not paid compensation due and owing upon discharge. Except as

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                11.
COMPL. (NO. CV 08 1071)

1    expressly admitted herein, Panera denies, generally and specifically, each and every other allegation

2    in Paragraph 58.

3            59.    Answering Paragraph 59 of the Complaint, Panera admits that California

4    Labor Code section 202 requires an employer to pay to an employee who voluntarily resigns

5    compensation due and owing within seventy-two hours of resignation. Panera denies the implication

6    that Plaintiff or any other allegedly similarly situated person was not paid compensation due and

7    owing within seventy-two hours of resignation. Except as expressly admitted herein, Panera denies,

8    generally and specifically, each and every other allegation in Paragraph 59.

9            60.    Answering Paragraph 60 of the Complaint, Panera admits that California

10   Labor Code section 203 imposes a penalty if an employer willfully fails to pay compensation due

11   and owing to an employee upon discharge or resignation. Panera denies the implication that Plaintiff

12   or any other allegedly similarly situated person was not paid compensation due and owing upon

13   discharge or resignation or that it engaged in any violations giving rise to penalties under Labor

14   Code section 203. Except as expressly admitted herein, Panera denies, generally and specifically,

15   each and every other allegation in Paragraph 60.

16           61.    Answering Paragraph 61 of the Complaint, Panera denies the implication that

17   Plaintiff or any other allegedly similarly situated person was not paid compensation due and owing

18   upon discharge or resignation and Panera denies, generally and specifically, each and every other

19   allegation in Paragraph 61.

**COUNT V**

**(Failure to Provide Rest and Meal Periods in Violation of California State Law)**

22           62.    Answering Paragraph 62 of the Complaint, Panera incorporates by reference

23   its answers to Paragraphs 1 through 61 of the Complaint, and responds to Plaintiff's further

24   allegations as set forth below. Panera denies the implication that this case is suitable for class action

25   or collective action treatment.

26           63.    Answering Paragraph 63 of the Complaint, Panera alleges that Plaintiff and

27   other allegedly similarly situated persons were in complete control of scheduling and had the ability

28   and discretion to schedule their own meal breaks. Panera denies the implication that Plaintiff was

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION             12.
COMPL. (NO. CV 08 1071)

1  similarly situated to other General Managers and the implication that Plaintiff and other allegedly

2  similarly situated persons were or are entitled to meal periods under California law.  Except as

3  expressly admitted herein, Panera denies, generally and specifically, each and every other allegation

4  in Paragraph 63.

5       64.    Answering Paragraph 64 of the Complaint, Panera alleges that Plaintiff and

6  other allegedly similarly situated persons were in complete control of scheduling and had the ability

7  and discretion to schedule their own meal breaks.  Panera denies the implication that Plaintiff was

8  similarly situated to other General Managers and the implication that Plaintiff and other allegedly

9  similarly situated persons were or are entitled to meal periods under California law.  Except as

10  expressly admitted herein, Panera denies, generally and specifically, each and every other allegation

11  in Paragraph 64.

12       65.    Answering Paragraph 65 of the Complaint, Panera alleges that Plaintiff and

13  other allegedly similarly situated persons were in complete control of scheduling and had the ability

14  and discretion to schedule their own rest periods.  Panera denies the implication that Plaintiff was

15  similarly situated to other General Managers and the implication that Plaintiff and other allegedly

16  similarly situated persons were or are entitled to rest periods under California law.  Except as

17  expressly admitted herein, Panera denies, generally and specifically, each and every other allegation

18  in Paragraph 65.

19       66.    Answering Paragraph 66 of the Complaint, Panera alleges that Plaintiff and

20  other allegedly similarly situated persons were in complete control of scheduling and had the ability

21  and discretion to schedule their own rest periods.  Panera denies the implication that Plaintiff was

22  similarly situated to other General Managers and the implication that Plaintiff and other allegedly

23  similarly situated persons were or are entitled to rest periods under California law.  Except as

24  expressly admitted herein, Panera denies, generally and specifically, each and every other allegation

25  in Paragraph 66.

26       67.    Answering Paragraph 67 of the Complaint, Panera alleges that Plaintiff and

27  other allegedly similarly situated persons were in complete control of scheduling and had the ability

28  and discretion to schedule their own rest periods.  Panera denies the implication that Plaintiff was

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                13.
COMPL. (NO. CV 08 1071)

1    similarly situated to other General Managers and the implication that Plaintiff and other allegedly

2    similarly situated persons were or are entitled to rest periods under California law.   Except as

3    expressly admitted herein, Panera denies, generally and specifically, each and every other allegation

4    in Paragraph 67.

5           68.    Answering Paragraph 68 of the Complaint, Panera denies the implication that

6    it engaged in violations giving rise to additional pay or penalties under California Labor Code

7    section 226.7 or IWC Wage Order No. 5 (8 C.C.R. section 11050) and denies, generally and

8    specifically, each and every allegation in Paragraph 68.  Panera further denies the implication that

9    Plaintiff was similarly situated to other General Managers.

10          69.    Answering Paragraph 69 of the Complaint, Panera denies the implication that

11   it engaged in violations giving rise to penalties under California Labor Code section 226.7 or IWC

12   Wage Order No. 5 (8 C.C.R. section 11050) or attorneys' fees and costs, under California Labor

13   Code section 218.6 and denies, generally and specifically, each and every allegation in Paragraph 69.

14                                          **DEFENSES**

15          AS A FIRST DEFENSE, Panera alleges that the Complaint, and each and every cause

16   of action contained therein, fails to properly state a claim upon which relief can be granted.

17          AS A SECOND DEFENSE, Panera alleges that Plaintiff's claims are barred in whole

18   or in part and Plaintiff lacks standing to bring her claims because Plaintiff's alleged injuries were

19   caused by her own failure to perform her job duties consistent with expectations and her failure to

20   follow directives, policies and procedures.

21          AS A THIRD DEFENSE, Panera alleges that all or portions of Plaintiff's claims are

22   barred by the applicable statute of limitations, including, but not limited to, California Business and

23   Professions Code section 17208, and California Code of Civil Procedure sections 337, 338, 339

24   and/or 340.

25          AS A FOURTH DEFENSE, Panera alleges that Plaintiff was not entitled to payment

26   of overtime premiums because she was an employee exempted from overtime requirements pursuant

27   to, but not limited to, 29 U.S.C. section 213 *et seq.*, the California Labor Code, and the provisions of

28   the California Industrial Welfare Commission's wage orders.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    14.
COMPL. (NO. CV 08 1071)

1    AS A FIFTH DEFENSE, Panera alleges that any violation of the Fair Labor

2    Standards Act was not willful, and that all or portions of Plaintiff's claims alleging violation of the

3    Fair Labor Standards Act are barred by the applicable statute of limitations, including, but not

4    limited to, 29 U.S.C. section 255.

5    AS A SIXTH DEFENSE, Panera alleges that any violation of the Fair Labor

6    Standards Act was an act or omission made in good faith and Panera had reasonable grounds for

7    believing that the act or omission was not a violation of the Fair Labor Standards Act so that,

8    pursuant to 29 U.S.C. section 260, liquidated damages cannot be awarded.

9    AS A SEVENTH DEFENSE, Panera alleges that the amounts described in section

10   7(e) of the Fair Labor Standards Act, 29 U.S.C. section 207(e), must be excluded from the regular

11   rate on which any overtime due is calculated under either federal or California law.

12   AS AN EIGHTH DEFENSE, Panera alleges that its business actions or practices

13   were not "unfair" within the meaning of California Business and Professions Code section 17200 *et*

14   *seq.*

15   AS A NINTH DEFENSE, Panera alleges that its business actions or practices were

16   not "unlawful" within the meaning of California Business and Professions Code section 17200 *et*

17   *seq.*

18   AS A TENTH DEFENSE, Panera alleges that its business actions or practices were

19   not "harmful" within the meaning of California Business and Professions Code section 17200 *et seq.*

20   AS AN ELEVENTH DEFENSE, Panera alleges that its business actions or practices

21   were not "fraudulent" or "deceptive" within the meaning of California Business and Professions

22   Code section 17200 *et seq.*

23   AS A TWELFTH DEFENSE, Panera alleges that Plaintiff's claims under the

24   California Labor Code, including Labor Code section 226.7, are barred because Plaintiff lacks a

25   private right of action to bring suit under that statute.

26   AS A THIRTEENTH DEFENSE, Panera alleges that the Complaint fails to properly

27   state a claim for penalties under California Labor Code section 203 because any failure to pay wages

28   found to be due Plaintiff was not willful.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    15.
COMPL. (NO. CV 08 1071)

AS A FOURTEENTH DEFENSE, Panera alleges that the Complaint fails to properly state a claim for penalties under California Labor Code section 203 because there is a bona fide, good faith dispute with respect to Panera's obligation to pay any wages that may be found to be due.

AS A FIFTEENTH DEFENSE, Panera alleges that Plaintiff's claims are barred by the doctrine of estoppel.

AS A SIXTEENTH DEFENSE, Panera alleges that Plaintiff lacks standing to bring her claims and the claims of putative class members as to all or a portion of the claims presented in the Complaint.

AS A SEVENTEENTH DEFENSE, Panera alleges that all or portions of Plaintiff's claims are barred by the doctrine of laches.

AS AN EIGHTEENTH DEFENSE, Panera alleges that all or portions of Plaintiff's claims are barred by the doctrine of unclean hands.

AS A NINETEENTH DEFENSE, Panera alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences because reasonable steps were taken to prevent and correct improper wage payments, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to her, and the reasonable use of those procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

AS A TWENTIETH DEFENSE, Panera alleges that Plaintiff was treated fairly and in good faith, and that all actions taken with respect to Plaintiff were taken for lawful business reasons and in good faith.

AS A TWENTY-FIRST DEFENSE, Panera alleges that Plaintiff was not entitled to mandatory meal and rest periods under California law, nor is she entitled to recover penalties under California law for allegedly missed meal or rest periods, because she was exempted from meal and rest period requirements pursuant to the provisions of the California Industrial Welfare Commission wage orders.

AS A TWENTY-SECOND DEFENSE, Panera alleges that Plaintiff's prosecution of this action by Plaintiff as a representative of the general public under California Business and Professions Code section 17200 et seq., as applied to the facts and circumstances of this case, would

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    16.
COMPL. (NO. CV 08 1071)

1   constitute a denial of Panera's substantive and procedural due process rights under the Fourteenth

2   Amendment of the United States Constitution and under the California Constitution.

3          AS A TWENTY-THIRD DEFENSE, Panera alleges that the Complaint fails to

4   properly state a claim for punitive damages as the claims asserted by Plaintiff do not provide for

5   punitive or exemplary damages as a remedy or an element of damages.

6          AS A TWENTY-FOURTH DEFENSE, Panera alleges that Plaintiff is not entitled to

7   equitable relief insofar as she has adequate remedies at law.

8          AS A TWENTY-FIFTH DEFENSE, Panera alleges that all or portions of Plaintiff's

9   claims are barred by the doctrine of waiver or release.

10         AS A TWENTY-SIXTH DEFENSE, Panera alleges that Plaintiff consented to,

11  encouraged, or voluntarily participated in all actions taken, if any.

12         AS A TWENTY-SEVENTH DEFENSE, Panera alleges that any unlawful or other

13  wrongful acts of any person(s) employed by Panera were outside of the scope of his or her authority

14  and such acts, if any, were not authorized, ratified, or condoned by Panera, nor did Panera know or

15  have reason to be aware of such alleged conduct.

16         AS A TWENTY-EIGHTH DEFENSE, Panera alleges that Plaintiff's claims are

17  barred in whole or in part by the doctrine of accord and satisfaction.

18         AS A TWENTY-NINTH DEFENSE, Panera alleges that Plaintiff's claims for

19  recovery pursuant to California Business and Professions Code section 17200 *et seq.* are barred with

20  respect to penalties of any nature.

21         AS A THIRTIETH DEFENSE, Panera alleges that, to the extent Plaintiff seeks

22  statutory or other penalties, such claims must comport with the due process requirements of *State*

23  *Farm v. Campbell*, 538 U.S. 408 (2003).

24         AS A THIRTY-FIRST DEFENSE, Panera alleges that the Complaint and each cause

25  of action therein, or some of them, is barred because the applicable wage orders of the California

26  Industrial Welfare Commission or the provisions of the California Labor Code are unconstitutionally

27  vague and ambiguous and violate Panera's rights under the United States and California

28  Constitutions to, among other things, due process of law.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    17.
COMPL. (NO. CV 08 1071)

AS A THIRTY-SECOND DEFENSE, Panera alleges that Plaintiff's prayers for restitution, disgorgement, or equitable relief under California Business and Professions Code section 17200 *et seq.* are barred with respect to any alleged violations that have discontinued, ceased, or are not likely to recur.

AS A THIRTY-THIRD DEFENSE, Panera alleges that Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Panera.

AS A THIRTY-FOURTH DEFENSE, Panera alleges that the Complaint fails to properly state a claim for prejudgment interest, as the damages claimed are not sufficiently certain to support an award of prejudgment interest.

AS A THIRTY-FIFTH DEFENSE, Panera alleges that the Complaint fails to properly state a claim for recovery of costs and attorney's fees under California Labor Code sections 218.5 or 1194, California Code of Civil Procedure section 1021.5, California Business and Professions Code section 17200 *et seq.*, 29 U.S.C. section 216(b), or any other basis.

AS A THIRTY-SIXTH DEFENSE, Panera alleges that the Complaint fails to properly state a claim for recovery of compensatory damages based upon wages due and owing, restitution, disgorgement, or any other basis.

AS A THIRTY-SEVENTH DEFENSE, Panera alleges that it is entitled to an offset against any relief due Plaintiff and/or those persons she seeks to represent, based upon their respective wrongful conduct and/or monies owed to Panera, including, but not limited to, any overpayments made to Plaintiff and any contractual damages and/or indemnity owed by Plaintiff as the result of her failure to perform her contractual obligations.

AS A THIRTY-EIGHTH DEFENSE, Panera alleges that the Complaint fails to properly state a claim that may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

AS A THIRTY-NINTH DEFENSE, Panera alleges that Plaintiff cannot fairly and adequately represent the interests of the purported class.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    18.
COMPL. (NO. CV 08 1071)

1    AS A FORTIETH DEFENSE, Panera alleges that Plaintiff is not a proper party to the

2    action.

3    AS A FORTY-FIRST DEFENSE, Panera alleges that certification of a class, as

4    applied to the facts and circumstances of this case, would constitute a denial of Panera's rights to

5    trial by jury and to substantive and procedural due process, in violation of the Fourteenth

6    Amendment of the United States Constitution and the Due Process and Equal Protection Clauses of

7    the California Constitution.

8    AS A FORTY-SECOND DEFENSE, Panera alleges that this suit may not be properly

9    maintained as a class action because: (a) Plaintiff has failed to plead, and cannot establish the

10   necessary procedural elements for, class treatment; (b) a class action is not an appropriate method for

11   the fair and efficient adjudication of the claims described in the Complaint; (c) common issues of

12   fact or law do not predominate; to the contrary, individual issues predominate; (d) Plaintiff's claims

13   are not representative or typical of the claims of the putative class; (e) Plaintiff is not a proper class

14   representative; (f) the named Plaintiff and alleged putative class counsel are not adequate

15   representatives for the alleged putative class; (g) Plaintiff cannot satisfy any of the requirements for

16   class action treatment, and class action treatment is neither appropriate nor constitutional; (h) there is

17   not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the

18   members of the alleged putative class; (i) the alleged putative class is not ascertainable, nor are its

19   members identifiable; and (j) to the extent the alleged putative class is ascertainable and its members

20   are identifiable, the number of putative class members is too small to meet the numerosity

21   requirement for a class action.

22   AS A FORTY-THIRD DEFENSE, Panera alleges that the adjudication of the claims

23   of the putative class through generalized class-wide proof would violate Panera's rights to trial by

24   jury under the United States Constitution and the California Constitution.

25   AS A FORTY-FOURTH DEFENSE, Panera alleges that the Complaint fails to

26   properly state facts sufficient to entitle Plaintiff or putative class members to any relief, including,

27   but not limited to, its failure to properly state facts sufficient to identify any actual or threatened

28   harm to Plaintiff beyond pure speculation, its failure to allege facts showing that Plaintiff has no

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    19.
COMPL. (NO. CV 08 1071)

adequate remedy at law, and that the proposed relief would impose an undue burden on both Panera and the Court and be so uncertain as to be wholly unenforceable.

AS A FORTY-FIFTH DEFENSE, Panera alleges that some work performed by Plaintiff or putative class members was completely voluntary in nature and without Panera's knowledge or authorization, and was not required by the Panera as a term or condition of Plaintiff's or putative class members' continued employment, and does not constitute compensable working time under the FLSA, as a matter of law, pursuant to 29 C.F.R. § 785.27.

AS A FORTY-SIXTH DEFENSE, Panera alleges that any time spent by the Plaintiff and putative class members beyond their compensated workweek was *de minimis.*

AS A FORTY-SEVENTH DEFENSE, Panera alleges that Panera is not liable for the alleged failure to pay overtime compensation to Plaintiff or putative class members under the FLSA because the method by which Plaintiff and putative class members were compensated was done by Panera in good faith, in conformity with, and in reliance upon, written administrative regulations or interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor within the meaning of Section 10 of the Portal-To-Portal Pay Act, 29 U.S.C. § 259.

AS A FORTY-EIGHTH DEFENSE, Panera alleges that Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages.

AS A FORTY-NINTH DEFENSE, Panera alleges that Plaintiff and putative class members are employed pursuant to bona fide individual contracts, their duties necessitate that they work irregular hours, and they receive the requisite amount of pay such that, even if they were classified as non-exempt, they would fall under section 7(f) of the FLSA and would not be entitled to additional pay for overtime.

AS A FIFTIETH DEFENSE, Panera asserts that the imposition of punitive damages, if punitive damages are indeed prayed for, would violate its constitutional rights to due process and to equal protection and to be free from excessive fines, would constitute a criminal penalty, entitling it to the rights given to defendants in criminal proceedings under the Constitutions of the United States and the State of California, and/or is barred by the United States Supreme Court's decision in *Kolstad v. American Dental Association.*

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION                    20.
COMPL. (NO. CV 08 1071)

1    AS A FIFTY-FIRST DEFENSE, Panera alleges that Plaintiff's claims and/or the

2    remedies that she seeks are barred by her contractual agreements with Panera.

3    AS A FIFTY-SECOND DEFENSE, Panera opposes class certification and disputes

4    the propriety of class treatment.  If the Court certifies a class and/or collective action in this case

5    over Panera's objections, then Panera asserts the affirmative defenses set forth herein against each

6    and every member of the certified class.

7    **PRAYER FOR RELIEF**

8    WHEREFORE, Panera prays for judgment from this Court as follows:

9    1.    Plaintiff takes nothing by this action;

10   2.    That the Complaint be dismissed with prejudice and that judgment be entered

11   against Plaintiff and in favor of Panera on each of Plaintiff's causes of action;

12   3.    That Plaintiff be ordered to pay Panera its costs and attorney's fees, including,

13   but not limited to, costs and attorney's fees provided under California Labor Code section 218.5 and

14   costs, expenses and attorneys' fees as provided for in contracts between Panera and Plaintiff and

15   Panera and putative class members; and

16   4.    Such other and further relief as the Court deems appropriate and proper.

17

18   Dated: March 27, 2008                    Respectfully submitted,

19

20   _____
     Margaret Hart Edwards
21   LITTLER MENDELSON
     A Professional Corporation
22   Attorneys for Defendants
     PANERA BREAD COMPANY AND
23   PANERA LLC

24   Firmwide:84671870.1 054286.1005

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PANERA LLC'S ANSW. TO 1ST AMEND.
COLLECTIVE AND CLASS ACTION          21.
COMPL. (NO. CV 08 1071)