Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Phone: (415) 981-4800
Facsimile: (415) 981-4846

George A. Hanson (*pro hac* application pending)
hanson@stuevesiegel.com
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone:  (816) 714-7100
Facsimile:  (816) 714-7101

*Attorneys for Plaintiff Pati Johns*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATI JOHNS, individually, and on behalf of a class of other similarly situated employees,<br><br>                          Plaintiff,<br><br>    v.<br><br>PANERA BREAD COMPANY, a Delaware corporation; and PANERA LLC, a Delaware limited liability company,<br><br>                     Defendants. | Case No. 3:08-cv-1071-SC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE** |

# **TABLE OF CONTENTS**

I.    INTRODUCTION..................................................................................... 1

II.   STATEMENT OF RELEVANT FACTS ............................................... 1

III.  STATEMENT OF THE ISSUE TO BE DECIDED ............................ 2

IV.   ARGUMENT ......................................................................................... 2

    A.   PANERA MUST MAKE A STRONG SHOWING OF INCONVENIENCE TO SATISFY ITS BURDEN... 3

        1.   Plaintiff's Class Claims Do Not Diminish Her Choice of Forum. ......................... 3

            a.   Panera's Argument Emanates from Stockholder Actions........................... 3

            b.   Plaintiff's Opt-In FLSA Claims.............................................................. 4

            c.   Plaintiff's California Class Claims ......................................................... 5

        2.   The Nexus Between Plaintiff's Claims and the Forum Dictate Deference ............ 7

        3.   Johns's Choice of Forum Remains Relevant Even If Its Weight Is Diminished.... 8

    B.   CONVENIENCE OF THE WITNESSES AND PARTIES DOES NOT JUSTIFY TRANSFER. ................ 8

        1.   Non-California GMs Will Not Be Inconvenienced. ................................................. 8

        2.   Transfer Would Impose an Inconvenience on California GMs and Plaintiff That Does Not Currently Exist.................................................................................... 9

        3.   Panera Has Failed to Demonstrate a Significant Inconvenience. .......................... 10

    C.   ACCESS TO EVIDENCE DOES NOT JUSTIFY TRANSFER. ..................................................... 12

D.    THIS COURT IS MORE FAMILIAR WITH THE APPLICABLE LAW............................................ 13

E.    COURT CONGESTION DOES NOT WEIGH IN FAVOR OF TRANSFER. ................................... 14

F.    THE FORUM SELECTION CLAUSE DOES NOT WEIGH IN FAVOR OF TRANSFER. ................. 14

G.    PANERA'S MOTION IS PREMATURE. ....................................................................... 15

V.    CONCLUSION ...................................................................................................... 16

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE
Case No. 3:08-CV-1071-SC

1

# **TABLE OF AUTHORITIES**

2

3

**Cases**

4

*Alexander v. Franklin Res., Inc.*
No. C06-7121, 2007 WL 518859 (N.D. Cal. 2007) ............................................................... 6, 8

5

6

*Arete Power, Inc. v. Beacon Power Corp.*
No. C07-5167, 2008 WL 508477 (N.D. Cal. 2008) ............................................................. 9, 10 , 11

7

8

*Decker Coal Co. v. Commonwealth Edison Co.*
805 F.2d 834 (9th Cir. 1986) ...................................................................... 3, 9, 10, 11, 16

9

10

*Flint v. UGS Corp.,*
No. C07-04640, 2007 WL 4365481 (N.D. Cal. 2007) ........................................... 3, 8, 12, 16

11

12

*Flores v. Zale Delaware, Inc.,*
No. C07-0539, 2007 WL 4462992 (N.D. Cal. 2007) ............................................................. 2, 12

13

14

*Foster v. Nationwide Mut. Ins. Co.*
C07-04928, 2007 WL 4410408 (N.D. Cal. 2007) ............................................................ 6, 7, 14

15

16

*Helfant v. Louisiana & Southern Life Ins. Co.*
82 F.R.D. 53 (E.D.N.Y. 1979) ............................................................................................. 4

17

18

*Hernandez v. Texas Capital Bank*
No. 07-0726-CV-W-ODS, 2008 WL 342758 (W.D. Mo. 2008) ........................................... 5

19

20

*Hoefer v. U.S. Dept. of Commerce*
No. C00-0918, 2000 WL 890862, (N.D. Cal. 2000) ...................................................... 6, 8, 13

21

22

*In re Funeral Consumers Antitrust Litig.*
No. C05-01804, 2005 WL 2334362 (N.D. Cal. 2005) ..................................................... 9, 13

23

24

*Italian Colors Restaurant v. Am. Express Co.*
No. C03-3719, 2003 WL 22682482 (N.D. Cal. 2003). ........................................................ 6

25

26

*Johnson v. Big Lots Stores, Inc.*
No. 04-3201, 2005 WL 357200 (E.D. La. 2005) ................................................................. 5

27

28

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE
Case No. 3:08-CV-1071-SC

*Jones v. GNC Franchising, Inc.*
211 F.3d 495 (9th Cir. 2000) ........................................................................................... 14

*Koster v. Am. Lumbermens Mut. Casualty Co.*
330 U.S. 518 (1947) .......................................................................................................... 3

*Lou v. Belzberg*
834 F.2d 730 (9th Cir. 1987) ..................................................................................... 4, 6, 7

*Onyeneho v. Allstate Ins. Co.*
466 F. Supp. 2d 1 (D.D.C. 2006), ................................................................................... 5

*SFK Condition Monitoring, Inc. v. SAT Corp.*
No. 07-CV-1116, 2008 WL 706851 (S.D. Cal. 2008) ..................................................... 12

*Shalaby v. Newell Rubbermaid, Inc.*
No. C06-07026, 2007 WL 3144357 (N.D. Cal. 2007) ..................................................... 2

*Stewart Org. v. Ricoh Corp.*
487 U.S. 22  (1988) .......................................................................................................... 14

*Stolz v. Barker*
 466 F. Supp. 24 (M.D.N.C. 1978) ................................................................................... 4

*Van Slyke v. Capital One Bank*
503 F. Supp. 2d 1353 (N.D. Cal. 2007) .......................................................................... 12

## I.    **INTRODUCTION**

The Court should deny the Motion to Transfer Venue filed by Panera Bread Company and Panera LLC (collectively "Panera" or "Defendants"). Panera is unable to demonstrate any compelling or justifiable basis for this Court to decline hearing this case and transferring it to the Eastern District of Missouri. To the contrary, all of the relevant factors that courts consider weigh against transfer. Panera cannot satisfy its heavy burden of demonstrating that the proposed transferee court is significantly more convenient. For the reasons set forth below, Panera's Motion is without merit and the Court should deny it in its entirety.

## II.    **STATEMENT OF RELEVANT FACTS**

Pati Johns ("Johns") initiated this case against Panera on February 22, 2008. *See* Complaint [Doc. # 1]. On March 10, Johns filed her First Amended Collective and Class Action Complaint ("Amended Complaint"). *See* Doc. # 3.

In her Amended Complaint, Johns alleges that Panera improperly classifies general managers ("GMs") at its bakery-cafes as exempt workers under the Fair Labor Standards Act ("FLSA"), meaning that GMs are paid a salary and they are not eligible to receive overtime compensation. Johns alleges that GMs spend the bulk of their time performing non-administrative tasks, such as operating cash registers, preparing food, sanitizing cooking and dining areas, and performing clerical work. Because GMs do not exercise independent discretion or judgment, Johns alleges that Panera improperly classifies them as exempt employees under the FLSA and that GMs, in fact, should be classified as non-exempt employees and eligible to receive overtime. Johns filed her one count under the FLSA as a nationwide, opt-in collective action under 29 U.S.C. § 216(b).

In addition to her single count under the FLSA, Johns also filed four counts under California law based on Panera's alleged:

1

- failure to pay overtime wages (Count II);

- violation of California's business and professions code (Count III);

- failure to pay all compensation due and owing at termination (Count IV); and

- failure to provide rest and meal periods (Count V).

*See* Amended Complaint [Doc. # 3] at ¶¶ 44-69.  Johns brings these claims as opt-out class claims under

Fed. R. Civ. P. 23.  The proposed class for each California claim includes:

> All current and former General Managers employed by Panera in the State
> of California within the last four years.

*Id.* at ¶ 22.

**III.**    **STATEMENT OF THE ISSUE TO BE DECIDED**

Whether the Court should transfer this case to the United States District Court for the Eastern

District of Missouri pursuant to 28 U.S.C. § 1404.

**IV.**    **ARGUMENT**

Panera filed its Motion to Transfer pursuant to 28 U.S.C. § 1404.  Section 1404 states:

> For the convenience of the parties and witnesses, in the interest of justice,
> a district court may transfer any civil action to any other district or
> division where it might have been brought.

28 U.S.C. § 1404(a).  Johns does not dispute that this case could have been filed in the Eastern District

of Missouri.  In evaluating whether transfer would satisfy "the interest of justice," courts consider the

following factors:

> (1) the plaintiff's choice of forum; (2) convenience of the parties;
> (3) convenience of the witnesses; (4) ease of access to the evidence;
> (5) familiarity of each forum with the applicable law; (6) feasibility of
> consolidation of other claims; (7) any local interest in the controversy; and
> (8) the relative court congestion and time of trial in each forum

*Shalaby v. Newell Rubbermaid, Inc.*, No. C06-07026, 2007 WL 3144357, at *3 (N.D. Cal. Oct. 24,

2007) (internal citation omitted); *see also Flores v. Zale Delaware, Inc.*, No. C07-0539, 2007 WL

2

4462992, at *2 (N.D. Cal. Dec. 17, 2007) (articulating the same general factors); *Flint v. UGS Corp.*, No. C07-04640, 2007 WL 4365481, at *2 (N.D. Cal. Dec. 12, 2007) (same).

### A.    PANERA MUST MAKE A STRONG SHOWING OF INCONVENIENCE TO SATISFY ITS BURDEN.

"Under section 1404(a), the moving party has the burden of showing that the balance of conveniences **weighs heavily** in favor of the transfer in order to overcome the **strong presumption** in favor of the plaintiff's choice of forum." *Flint*, 2007 WL 4365481, at *1 (emphasis added); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a **strong showing of inconvenience** to warrant upsetting the plaintiff's choice of forum.") (emphasis added). Thus, the burden of demonstrating that transfer is appropriate rests squarely with Panera, and that burden cannot be easily met. For the reasons set forth below, Panera has failed to satisfy its burden and the Court should deny its Motion.

### B.    THE COURT SHOULD ACCORD JOHNS'S FORUM CHOICE SUBSTANTIAL WEIGHT.

"Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion to transfer under section 1404(a) unless the 'convenience' and 'justice' factors tip **strongly** in favor of transfer." *Flint*, 2007 WL 4365481, at *1 (emphasis added) (internal citations omitted).

#### 1.    Plaintiff's Class Claims Do Not Diminish Her Choice of Forum.

##### a.    Panera's Argument Emanates from Stockholder Actions.

Panera cites a number of cases that stand for the proposition that the Court should give Johns's choice of forum diminished weight because she brings her claim on behalf of others. This notion emanates primarily from the Supreme Court opinion *Koster v. Am. Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 67 S. Ct. 828 (1947). *Koster* was a derivative shareholders lawsuit brought as a class action. In *Koster*, the Court held:

[W]here there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.

\*\*\*

[S]uch a litigation brings to the court more than an ordinary task of adjudication; it brings a task of administration; and what forum is appropriate for such a task may require consideration of its relation to the whole group of members and stockholders whom plaintiff volunteers to represent as well as to the nominal plaintiff himself.

*Id.* at 524-26. Thus, the concept that a class plaintiff's choice of forum is given less weight sprang from the Supreme Court's concern that a single plaintiff's choice of forum in a stockholder derivative suit should not bind other individuals who are equally qualified to bring the derivative suit on behalf of the corporation.

Forty years after *Koster*, this concept manifested itself in *Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987), which is the seminal Ninth Circuit opinion cited to support the proposition that courts give less weight to class plaintiffs' forum choices.[1]  Like *Koster*, *Lou* was a shareholder derivative suit that, without explanation or analysis, made the blanket assertion that "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Id.* at 739.  To support its conclusion, *Lou* cited without any analysis *Helfant v. Louisiana & Southern Life Ins. Co.*, 82 F.R.D. 53, 58 (E.D.N.Y. 1979) and *Stolz v. Barker*, 466 F. Supp. 24, 27 (M.D.N.C. 1978).  Both *Helfant* and *Stolz* were shareholder class action lawsuits.

### b.     Plaintiff's Opt-In FLSA Claims

Even though this concept originated in the context of derivative stockholder cases, Panera would have this Court stretch the principle and apply it to Johns's claims for unpaid wages.  But Panera's

---

[1]     Panera cites *Lou* for this assertion. *See* Panera's Memorandum at pp. 9-10.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE
Case No. 3:08-CV-1071-SC

1   argument ignores the fact that Plaintiff's FLSA claim – the only claim that purports to represent a group

2   of nationwide GMs – is pursued on an opt-in basis rather than an opt-out basis. *See* 29 U.S.C. § 216(b)

3   (setting forth the opt-in nature of FLSA claims).    Courts have recognized the distinction between

4   traditional class actions and FLSA collective actions when determining whether to defer to a plaintiff's

5   choice of forum.    In *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1 (D.D.C. 2006), the court stated:

6

7   > Defendant asserts that less deference is due to a plaintiff's choice of forum
>   in the context of a nationwide class action.    However, collective actions
8   > under the FLSA require prospective plaintiffs to affirmatively opt-in to the
>   action, unlike class actions under Federal Rule of Civil Procedure 23, in
9   > which plaintiffs are included unless they opt-out.    Several courts have
>   noted that "the opt-in structure of collective actions under section 216(b)
10  > of the FLSA strongly suggests that Congress intended to give plaintiffs
>   considerable control over the bringing of a FLSA action."
11

12  *Id.* at 6, n. 2 (quoting *Johnson v. Big Lots Stores, Inc.*, No. 04-3201, 2005 WL 357200, at *4 (E.D. La.

13  Feb. 10, 2005)).[2]    *See also Hernandez v. Texas Capital Bank*, No. 07-0726-CV-W-ODS, 2008 WL

14  342758, at *4 (W.D. Mo. Feb. 5, 2008) (noting the opt-in nature of FLSA claims and citing *Onyeneho* to

15  support the finding that the plaintiff's choice of forum should still be afforded "significant weight").

16  Thus, because prospective plaintiffs in Johns's FLSA claim affirmatively join the case and choose to be

17  a party in this jurisdiction, the concerns expressed in *Koster* and its progeny are not present.

18  Accordingly, the Court should allow the FLSA plaintiffs who join the case to exercise control over their

19

20  claim and express their consent for their claim to be heard in this district.

21

22              c.      **Plaintiff's California Class Claims**

23          The presence of the Rule 23 California claims does not alter Plaintiff's analysis because the

24  proposed class for those claims consists only of California residents.    Thus, Johns is not pursuing a

25

26  _____

27  [2]    The court in *Onyeneho* granted the motion to transfer primarily because both plaintiffs resided in
28  the transferee district and the facts underlying the claims occurred in the transferee district.    Unlike the
    plaintiffs in *Onyeneho*, Johns resides in this district and her claims arose in this district.    Thus, the Court
    should deny Panera's Motion.

1   nationwide class for those claims and the concerns expressed in *Koster* and its progeny are not as

2   prevalent in single-state class claims. This is particularly true where the California claims seek only to

3   encompass California residents, and those claims will be heard by a California court.

4       Panera has cited no cases to the contrary. Indeed, with the exception of one case,[3] all of the

5   cases submitted by Panera involved nationwide claims, and the proposed classes were not limited to

6   residents of a single state. *See Lou*, 834 F.2d at 732 (defining the class as all persons who owned the

7   stock at issue without any state limitation); *Alexander v. Franklin Res., Inc.*, No. C06-7121, 2007 WL

8   518859, at *3 (N.D. Cal. Feb. 14, 2007) (noting in a shareholder lawsuit that less deference is given

9   where "the plaintiff purports to represent a nationwide class"); *Italian Colors Restaurant v. Am. Express

10  Co.*, No. C03-3719, 2003 WL 22682482, at *3 (N.D. Cal. Nov. 10, 2003) (noting the same in

11  commercial dispute under the Clayton Act and Sherman Act); *Hoefer v. U.S. Dept. of Commerce*, No.

12  C00-0918, 2000 WL 890862, at *2 (N.D. Cal. June 28, 2000) (declining to defer to the plaintiff's choice

13  of forum in a tax dispute brought on behalf of a class that was "located throughout the nation").[4] Thus,

14  the presence of Johns's California class claims does not diminish her forum choice because she does not

15  purport to represent a nationwide opt-out class under Rule 23.

---

[3]     Panera cites *Foster v. Nationwide Mut. Ins. Co.*, No. C07-04928, 2007 WL 4410408, at *3 (N.D. Cal. Dec. 14, 2007) to support its contention, and that case involved state law claims. The court in *Foster* made a conclusory notation that "plaintiffs have brought this case as a class action" in determining to give the plaintiff's choice of forum minimal weight – the court did not undertake a substantive analysis. Moreover, for the reasons set forth below, *Foster* is distinguishable and the court declined to give substantial weight to the choice of forum because of numerous other factors – not just the presence of class claims.

[4]     These cases are also factually distinguishable. For example, in *Alexander* and *Italian Colors*, the court found evidence of forum shopping and relied on its findings to give less weight to the respective plaintiffs' forum choices; Panera does not allege that Plaintiff has selected this forum for improper reasons. *See Alexander*, 2007 WL 518859, at *4; *Italian Colors*, 2003 WL 22682482, at *4.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE
Case No. 3:08-CV-1071-SC

1

2.    **The Nexus Between Plaintiff's Claims and the Forum Dictate Deference**

2

The presence of class claims is not the only factor courts consider when they are deciding

3

whether to give substantial weight to a plaintiff's choice of forum.  The court in *Foster* – a case cited by

4

Panera – stated:

5

6
> Nonetheless, even in a class action, in judging the weight to be accorded
> [plaintiff's] choice of forum, consideration must be given to the extent of
> both [plaintiff's] and the [defendant's] contacts with the forum, including
> those relating to [plaintiff's] cause of action. . . . If the operative facts have
> not occurred within the forum and the forum has no interest in the parties
> or subject matter, [plaintiff's] choice is entitled to only minimal
> consideration.

7

8

9

10

11

2007 WL 4410408, at *2 (quoting *Lou*, 834 F.2d at 739).

12

In this case, Johns lives in Antioch, California, and she worked for Panera at its bakery-café in

13

Antioch.  *See* Amended Complaint [Doc. # 3] at ¶ 6.  Antioch is situated in Contra Costa County, which

14

is encompassed by this Court.  *See* 28 U.S.C. § 84(a) (listing the counties included within the

15

jurisdiction of the Northern District of California).  Thus, Johns is a resident of this district and her

16

17

claims for unpaid compensation arise from her employment within this district.

18

In this respect, Panera's cited decisions that have given minimal weight to a plaintiff's choice of

19

forum are distinguishable from this case.  In *Foster*, one of the plaintiffs lived in California and the other

20

plaintiff lived in Arkansas.  2007 WL 4410408, at *1.  However, even the plaintiff that lived in

21

California did not reside within the district where the case was pending, and he did not work within that

22

23

district.  *Id.* at *3.  The court noted, "given the fact that [plaintiff] lives outside of the Northern District

24

and worked 70% of the time in the Eastern District . . . *Lou* indicates that very little weight should be

25

accorded to plaintiff's choice of forum."  *Id.*  The court's concerns in *Foster* are not present here

26

because Johns lives in this district and her claims arise from her employment within this district.

27

28

7

Similarly, in the other cases cited by Panera, the plaintiff and the plaintiff's claims had little, if any, nexus with the jurisdiction where the case was originally filed. *See Alexander*, 2007 WL 518859, at *3 (the plaintiff lived in Delaware and the case was filed in California); *Hoefer*, 2000 WL 890862, at *2 (noting that only one named plaintiff lived in California). Because Johns is a resident of this district and her claims arise within this district, the Court should continue to give her choice of forum substantial weight in its consideration of Panera's Motion.

### 3. Johns's Choice of Forum Remains Relevant Even If Its Weight Is Diminished.

Even if the Court adopts Panera's argument, Johns's choice of forum remains in the Court's equation and it weighs against transfer. The cases cited by Panera do not stand for the proposition that the Court should disregard Johns's forum selection in its entirety; rather, they stand for the proposition that under certain circumstances – circumstances that are not present here – a plaintiff's choice of forum is given less weight than normal, but it is still considered in the Court's consideration of transfer. Panera has cited no authority to the contrary.

### B. CONVENIENCE OF THE WITNESSES AND PARTIES DOES NOT JUSTIFY TRANSFER.

#### 1. Non-California GMs Will Not Be Inconvenienced.

As outlined above, the only non-Californians implicated by Johns's Amended Complaint are those who will affirmatively opt-in to join the FLSA claim. By virtue of submitting a consent to join form, those individuals will be expressing their desire to have their claim heard by this Court and their willingness to participate in a trial in this jurisdiction. Thus, Panera's analysis regarding which GMs are closer or farther from this Court is moot and it has no bearing on the Court's analysis because non-California GMs will not be unwilling participants in this litigation; to the contrary, they will have to take affirmative action to become part of it. *See Flint*, 2007 WL 4365481, at *3 (noting in response to the defendant's concern for the plaintiff's convenience that the plaintiff "actively chose to bring this case

within the Northern District, and the Court regards that decision as an implicit rejection of [the defendant's] hypothesis.").

Moreover, there is no evidence that St. Louis is significantly more convenient than California for putative members of the nationwide FLSA collective action. In its brief, Panera cites the hardships that accompany being away from home and having to attend a trial in a distant location. *See* Panera's Memorandum at p. 11 (citing *In re Funeral Consumers Antitrust Litig.*, No. C05-01804, 2005 WL 2334362, at *4 (N.D. Cal. Sept. 23, 2005)). For a GM from Florida or New York, these hardships will be present regardless of whether the GM is in Missouri or California. In this respect, granting Panera's Motion would not alleviate any inconvenience for the vast majority of GMs around the country, and shifting the inconvenience from California to Missouri is not a sufficient basis for granting Panera's Motion. *See Decker*, 805 F.2d at 843 ("The transfer would merely shift rather than eliminate the inconvenience."); *Arete Power, Inc. v. Beacon Power Corp.*, No. C07-5167, 2008 WL 508477, at *2 (N.D. Cal. Feb. 22, 2008) ("A motion to transfer venue should be denied where the transfer would merely shift an equivalent inconvenience from one party to another.").

### 2. Transfer Would Impose an Inconvenience on California GMs and Plaintiff That Does Not Currently Exist.

Ignoring Plaintiff's California state claims, Panera focuses on GMs located in states other than California. Putting aside the fact that these GMs will be compelled to appear in this Court only if they affirmatively choose to do so, Panera's argument ignores the fact that four of the five claims in Plaintiff's Amended Complaint are premised on California state law. To prove these claims at trial, Plaintiff necessarily will rely on testimony and evidence that is uniquely situated in California. In addition to Plaintiff, other California GMs will be called to testify at trial about the unique California claims, including Plaintiff's allegation that Panera violated California's business and professions code, California's requirement for payment of wages upon termination, and California's regulations governing

9

meal and rest periods. Additionally, Plaintiff will need to rely on evidence and testimony from Panera's California facilities and Panera's management in California to demonstrate the merit of her California claims. In its own brief, Panera recognizes that a California employee may be a likely witness. *See* Panera's Memorandum at p. 5, n. 5 (identifying Steve Haydu, who is situated in Sacramento, California, as a prospective witness).

With respect to Plaintiff's California claims, transferring this case to Missouri would create a burden and hardship that does not currently exist. The Court should avoid such a result because transfer would merely shift the burden away from Panera to putative members of the California class, and shifting the burden is not a sufficient basis for granting transfer. *See Decker*, 805 F.2d at 843 ("The transfer would merely shift rather than eliminate the inconvenience."); *Arete*, 2008 WL 508477, at *2 ("A motion to transfer venue should be denied where the transfer would merely shift an equivalent inconvenience from one party to another.").

### 3.    Panera Has Failed to Demonstrate a Significant Inconvenience.

Panera identified nine individuals as potential witnesses in its brief, and it purported to explain why their testimony would be required at trial.[5]   *See* Panera's Memorandum at p. 5.  Of these nine witnesses, two of them do not appear to have information that is germane to Plaintiff's claims. Michael Gustafson, who is the Director of Technical Operations, purportedly will testify about Panera's recordkeeping and data storage policies, but that has no direct bearing on the merits of Plaintiff's claims. Similarly, Jeffrey Levitt, the Senior Manager of Asset Protection, purportedly will testify about security operations and loss prevention, but Panera does not articulate why that is relevant to Plaintiff's claims

---

[5]    Panera also identified a host of employees in its Memorandum at p. 5, n. 5. The Court should not consider these witnesses in its evaluation of Panera's Motion because Panera did not identify the subject matter of these individuals' potential testimony or why their presence would be necessary for trial. *See Arete*, 2008 WL 508477, at *7 ("To demonstrate inconvenience, the movant should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action.") (internal quotation omitted).

10

1    for unpaid compensation.  Thus, it does not appear that the testimony of these witnesses will be relevant

2    or necessary for trial.  For its Reply brief, Panera can no doubt conjure up some basis for needing their

3    testimony, but the Court should not merely look at the number of witnesses, but it should also evaluate

4    the importance of the witnesses in determining whether to grant transfer.  *See Arete*, 2008 WL 508477,

5    at *7 ("The court will consider not only the number of witnesses located in the respective districts, but

6    also the nature and qualify of their testimony in relationship to the issues in the case.") (internal

7    quotation omitted).  These witnesses do not appear to be critical to the merits of the issues in this case

8    and, accordingly, the Court should not consider them in its evaluation of Panera's Motion.

9

10        Putting aside Mr. Gustafson and Mr. Levitt, Panera has identified seven other possible witnesses.

11    Of these seven, Panera concedes that three of them (Marianne Graziadei, William Simpson, and Patricia

12    Tures) will need to travel to Missouri for trial.  *See* Panera's Memorandum at p. 6.  Although Missouri

13    may be a closer jurisdiction for these witnesses, they will still have to suffer the hardships of being away

14    from home that are identified in Panera's brief.  Maintaining the case in this jurisdiction simply means

15    these witnesses board different flights, and transfer would not significantly alleviate their burden.

16

17        Thus, of the nine potential witnesses originally identified by Panera, it appears that only four of

18    them – Rebecca Fine, Stefanie Jerry, Carl Tibbetts, and Cathy Watkins – would experience a material

19    benefit from transferring this case to Missouri.  Weighed against the California GMs who would have to

20    travel to Missouri to testify in support of their California claims, this is a nominal benefit and Panera

21    cannot make a "strong showing of inconvenience" that justifies disturbing Plaintiff's choice of forum.

22    *Decker*, 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to warrant

23

24

25

26

27

28

1    upsetting the plaintiff's choice of forum."). Accordingly, transfer does not serve the convenience of the

2    witnesses or the parties.[6]

3        **C.    ACCESS TO EVIDENCE DOES NOT JUSTIFY TRANSFER.**

4

5        "With technological advances in document storage and retrieval, transporting documents does

6    not generally create a burden." *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1362 (N.D. Cal.

7    2007) (citing *Vitria Tech., Inc. v. Cincinnati Ins. Co.*, No. C05-01951, 2005 WL 2431192, at *3 (N.D.

8    Cal. Sept. 30, 2005)). Thus, transporting documents in electronic format to California for trial would

9    not impose an unreasonable burden on Panera, and Panera does little to try to convince the Court

10   otherwise. Indeed, Panera does not identify which documents are in electronic format and hard copy

11   format, nor does it explain the purported burden in making these documents available in California.

12   Such a showing lacks the specificity that is necessary to justify transfer. *See Flint*, 2007 WL 4365481,

13   at *4 (denying transfer where "Defendant fail[ed] . . . to demonstrate the extent of necessary evidence,

14   whether the evidence is composed of hard copies which would need to be reproduced and moved, or

15   whether the evidence is electronic in form and could be reproduced in physical form at any location.");

16   *SFK Condition Monitoring, Inc. v. SAT Corp.*, No. 07-CV-1116, 2008 WL 706851, at *5 (S.D. Cal. Feb.

17   27, 2008) ("Defendant has not provided any information regarding the volume of the relevant

18   documents and the difficulty involved in transporting these records and documents to California. Again,

19   without more information, the Court cannot determine whether the transportation of the documents and

20   records necessary for trial would create a burden meriting a transfer of venue.").

21

22

23

24

25

26   [6]    Panera asserts that St. Louis is a more convenient forum for attorneys at Stueve Siegel Hanson
     LLP because that firm is located in Kansas City, Missouri. "[T]he convenience of counsel is not a
27   consideration in determining whether to transfer an action." *Flores*, 2007 WL 4462992, at *4 (internal
     quotations omitted). Even if this were a factor, Plaintiff's co-counsel and Panera's counsel are all
28   situated within the Northern District of California.

Moreover, Panera lists seven categories of documents, but a number of those categories will not consist of a set of documents for each individual GM. For example, Panera lists human resources policies and training materials as categories of relevant documents, but presumably Panera does not have policies or training materials tailored to every individual GM. *See* Panera's Memorandum at p. 7. Instead, the documents in these categories will likely consist of exemplar documents – not personalized documents that amount to hundreds of pages. Panera has not sufficiently demonstrated that access to evidence will be unduly burdensome if the case remains in California.

**D.      THIS COURT IS MORE FAMILIAR WITH THE APPLICABLE LAW.**

Not surprisingly, Panera characterizes Plaintiff's California claims as "a relatively minor aspect of this litigation" and couches Plaintiff's single FLSA claim as the "crux of this litigation." *See* Panera's Memorandum at p. 14. Panera's position ignores the fact that Plaintiff's California claims are based on independent legal theories that are unrelated to the FLSA. For example, Plaintiff's claims that Panera wrongfully withheld compensation from terminated employees and violated California's meal and rest period statutes are uniquely rooted in California statutes – there is no corollary to these claims in the FLSA or federal law.

Panera cites two cases to support its contention that the Missouri court should take up Plaintiff's California state claims: *Hoefer* and *In re Funeral Consumers*. However, in both of these cases, the state law claims truly were subordinate to the federal claims in the case. For example, in *Hoefer*, the plaintiffs filed eight claims; seven of the eight claims were grounded in federal law. 2000 WL 890862, at *1. Similarly, in *In re Funeral Consumers*, the court held the "state-law question is a very small factor in the overall balance" and it ruled that the existence of a state law claim was not significant where "the main federal event is clearly better served" in the transferee court. 2005 WL 2334362, at *6. Unlike *Hoefer* and *In re Funeral Consumers*, the California claims in this case are just as significant as

the FLSA claim; given that four of the five counts in the Amended Complaint constitute state law claims, it can hardly be said that Plaintiff's California claims are "a very small factor in the overall balance." *Id.* Accordingly, this Court should decline transfer and maintain jurisdiction over Plaintiff's California claims. *See Foster*, 2007 WL 4410408, at *6 ("Therefore, since there are California state law claims at issue in this case, the Court will consider this factor as weighing somewhat in favor of trying this case in the Northern District of California.").

### E.    COURT CONGESTION DOES NOT WEIGH IN FAVOR OF TRANSFER.

Although this Court has more cases per judge than the Eastern District of Missouri, there is no evidence that this Court is somehow more congested than the proposed transferee court. The average number of months from filing to trial in this Court is 24.9 months, while the same figure is 22.5 months in the Eastern District of Missouri. *See* Panera's Memorandum at p. 8. Thus, despite what appears to be a significantly larger workload, that workload is not adversely impacting the amount of time it takes to get to trial. Given the immaterial difference between the two jurisdictions, this factor does not weigh for or against transfer. *See Foster*, 2007 WL 4410408, at *7 ("While the Northern District of California clearly has more cases pending per judge, the median time from filing to disposition is shorter in this District . . . . In both districts, however, it takes a little over two years to proceed to trial. The Court finds that this factor is neutral.").

### F.    THE FORUM SELECTION CLAUSE DOES NOT WEIGH IN FAVOR OF TRANSFER.

The existence of a forum selection clause is yet another factor courts consider when weighing transfer under section 1404. A forum selection clause is not dispositive and, even where such a clause exists, courts continue to evaluate the other remaining factors. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 n. 20 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 31, 108 S. Ct. 2239

1    (1988)) (affirming the trial court's denial of transfer where the parties had entered into a forum selection

2    clause).

3        In this case, the forum selection clauses at issue are inapposite because Plaintiff's claims do not

4    arise from the agreements at issue. The "First Amended and Restated Joint Venture General Manager

5    Compensation Plan" (hereinafter "JV Agreement") clearly states that its forum selection clause applies

6

7    only to "dispute[s] arising hereunder." *See* Exhibit A to the Declaration of Courtney Higgins, at ¶ 5(a).

8    Similarly, the clause in the "Employment Agreement" states that it applies only to "disputes and causes

9    of action arising out of this Agreement." *See* Exhibit B to the Declaration of Courtney Higgins, at ¶ 18.

10

11        Panera contends without any authority that Plaintiff's FLSA and California claims arise out of

12    these agreements. The JV Agreement outlines the compensation Plaintiff was supposed to receive based

13    on incentive targets implemented by Panera – it did not relate to her employment or unpaid overtime

14    compensation in any way. Similarly, the only reference to compensation in the Employment Agreement

15    is that portion setting forth Plaintiff's salary; like the JV Agreement, it does not relate in any way to

16    Plaintiff's claims for unpaid compensation. To prevail on her claims, Plaintiff does not intend to rely on

17

18    or invoke any portion of the Agreements, and the ultimate fact-finder will not have to interpret or apply

19    any provisions of the Agreements to determine whether Plaintiff prevails on her claims. Accordingly,

20    the forum selection clauses are immaterial to the question of whether the Court should transfer this case

21    to another jurisdiction.

22

23        **G.    PANERA'S MOTION IS PREMATURE.**

24        Alternatively, if the Court is inclined to transfer this matter to Missouri, Plaintiff respectfully

25    submits that the Court should defer ruling on Panera's Motion until discovery can be conducted

26    regarding the factual assertions contained in Panera's declarations. Plaintiff avers that Panera's factual

27    assertions, even if true, do not warrant transfer, but if the Court believes the disputed facts are

28

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE
Case No. 3:08-CV-1071-SC

1  dispositive of the Motion, then Plaintiff should be afforded the opportunity to conduct discovery and

2  challenge Panera's assertions.  Evidence regarding the disputed facts is solely within the possession of

3
   Panera and Plaintiff has not had access to that information because this litigation is in its early stages.
4
5  Panera will not be prejudiced by delaying ruling on the Motion until some discovery can be conducted.

6  **V.**  **CONCLUSION**

7      Of the factors articulated in *Shalaby* and other courts in the Ninth Circuit, not one factor weighs

8  in favor of granting Panera's Motion.  At best, Panera has demonstrated that California is an
9
   inconvenient forum for four of its corporate witnesses, but that fact alone cannot mandate transfer
10
11 where:

12  • California is the Plaintiff's choice of forum and her claim has substantial ties to this jurisdiction;

13  • Non-California GMs will voluntarily consent to participate in litigation in this Court;
14
15  • Transfer will not alleviate any burden for non-California GMs;

16  • Transfer will create an inconvenience for California GMs that does not currently exist;

17  • Panera has failed to demonstrate that evidence is not accessible in this Court;

18
    • Plaintiff's Amended Complaint includes several claims under California state law;
19
    • Congestion of the courts does not weigh in favor or against transfer; and
20
21  • The forum selection clauses are inapplicable to Plaintiff's claims.

22 Panera simply cannot satisfy the high threshold for transfer and demonstrate that "the balances of

23 conveniences weighs heavily in favor of the transfer;" nor can it "overcome the strong presumption" in

24
   favor of Plaintiff's choice of forum.  *Flint*, 2007 WL 4365481, at *1.  Panera has failed to make the
25
26 requisite "strong showing of inconvenience" that is required for transfer under section 1404, and the

27 Court should deny its Motion.  *Decker*, 805 F.2d at 843.

28

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE
Case No. 3:08-CV-1071-SC

1    For the reasons set forth herein, Plaintiff requests that the Court deny Panera's Motion to

2  Transfer Venue, and grant any other relief the Court deems just and proper.

3

4

5  DATED:  April 3, 2008                          Respectfully submitted,

6                                                 **GIRARD GIBBS LLP**

7                                                 By: ___ */s/ Eric H. Gibbs* ___
                                                   Eric H. Gibbs

8
                                                   Dylan S. Hughes
9                                                  Geoffrey A. Munroe
                                                   601 California Street, 14th Floor
10                                                 San Francisco, California 94108
                                                   Telephone: (415) 981-4800
11                                                 Facsimile: (415) 981-4846

12

13                                                 George A. Hanson
                                                   **STUEVE SIEGEL HANSON LLP**
14                                                 330 W. 47th Street, Suite 250
                                                   Kansas City, MO 64112
15                                                 Telephone: (816) 714-7170
                                                   Facsimile: (816) 714-7101
16

17                                                 *Attorneys For Plaintiff Pati Johns*

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE
Case No. 3:08-CV-1071-SC