1   MARGARET HART EDWARDS, Bar No. 65699
    PHILIP L. ROSS, Bar No. 90042
2   MICHAEL MANKES, Bar No. 179016
    LITTLER MENDELSON
3   A Professional Corporation
    650 California Street, 20th Floor
4   San Francisco, CA  94108.2693
    Telephone:    415.433.1940
5
    Attorneys for Defendants
6   PANERA BREAD COMPANY AND
    PANERA LLC
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  PATI JOHNS, individually, and on behalf       Case No.  CV 08 1071 SC
    of all others similarly situated,
11                                                **CLASS ACTION**
                    Plaintiff,
12                                                **DEFENDANTS' REPLY TO PLAINTIFF'S
            v.                                    OPPOSITION TO MOTION TO
13                                                TRANSFER VENUE**

14  PANERA BREAD COMPANY, a
    Delaware corporation; and PANERA LLC,         Time: 10:00 a.m.
15  a Delaware limited liability company,         Date: April 25, 2008
                                                  Place: Courtroom 1, 17th floor
16                  Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

Case No.  CV 08 1071 SC

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

1

**TABLE OF CONTENTS**

2

PAGE

3    A.    PLAINTIFF'S CHOICE OF FORUM SHOULD BE GIVEN LITTLE, IF ANY, DEFERENCE ................. 2

4

5    B.    THE EASTERN DISTRICT OF MISSOURI WOULD BE A FAR MORE CONVENIENT VENUE
           FOR THE PARTIES AND WITNESSES ..................................................................... 4

6          1.    Missouri Would Be More Convenient For Panera's Witnesses ...................... 4

7          2.    The Potential Inconvenience To California GMs Is Far Outweighed By The
                 Convenience Of Transfer To The Significantly Larger Number Of Non-
                 California GMs Who Reside In Or Close To Missouri ................................. 6

8

9    C.    TRANSPORTING DOCUMENTARY EVIDENCE TO CALIFORNIA WOULD BE AN UNDUE
           BURDEN FOR PANERA .................................................................................... 8

10

11   D.    PLAINTIFF'S FLSA CLAIMS PREDOMINATE AND MISSOURI HAS THE GREATER LOCAL
           INTEREST IN THIS DISPUTE ............................................................................. 8

12

13   E.    THE EASTERN DISTRICT OF MISSOURI IS FAR LESS CONGESTED ........................... 9

14

15   F.    PLAINTIFF'S FORUM SELECTION AGREEMENT IS BINDING.................................... 10

16   G.    THERE IS NO BASIS FOR STAYING DEFENDANTS MOTION PENDING ADDITIONAL
           DISCOVERY ................................................................................................. 11

17

18   H.    CONCLUSION............................................................................................... 11

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

# TABLE OF AUTHORITIES

PAGE(S)

## CASES

Alexander v. Franklin Res., Inc.,
No. C 06-7121 SI, 2007 WL 518859, *3 (N.D.Cal. Feb 14, 2007) .............................................. 2

Armour v. Network Assocs., Inc.,
171 F.Supp.2d 1044 (N.D. Cal. 2001) .......................................................................................... 4

Evancho v. Sanofi-Aventis U.S. Inc.,
No. C 07-00098 SI, 2007 WL 1302985, *3 (N.D. Cal. May 3, 2007) .................................... 6, 7

Forrand v. Fed. Express Corp.,
No. C07-4674 THE, 2008 WL 276389, *2 (N.D. Cal. Jan. 31, 2008) ........................................ 2

Forte Capital Partners v. Harris Cramer,
No. C07-01237 MJJ, 2007 WL 1430052, *6 (N.D.Cal. May 14, 2007) ..................................... 6

Foster v. Nationwide Mutual Insurance Co.,
No. C 07-04928 SI, 2007 WL 4410408, *2 (N.D. Cal. Dec 14, 2007) ............................... passim

Hoefer v. U.S. Department of Commerce,
No. C 00 0918 VRW, 2000 WL 890862, *3 (N.D. Cal. June 28, 2000) ............................. 1, 2, 8

In re Funeral Consumers Antitrust Litig.,
2005 WL 2334326, *6 (N.D. Cal. Sept. 23, 2005) ...................................................................... 9

Italian Colors Restaurant v. Am. Express Co.,
No. C 03-3719 SI, 2003 WL 22682482, *3-4 (N.D. Cal. Nov. 10, 2003) .............................. 2, 8

Koster v. Am. Lumbermens Mut. Cas. Co.,
330 U.S. 518 (1947) ...................................................................................................................... 3

Lou v. Belzberg,
834 F.2d 730 (9th Cir. 1987) .................................................................................................... 2, 3

Manetti-Farrow, Inc. v. Gucci Am., Inc.,
858 F.2d 509 (9th Cir. 1988) ...................................................................................................... 10

Montgomery v. TAP Enters., Inc.,
No. 06 CV 5799(HB), 2007 WL 576128 (S.D.N.Y. 2007) ..................................................... 2, 4

Multimin USA, Inc. v. Walco Int'l, Inc.,
No. CV F 06-0226 AWI SMS, 2006 WL 1046964, *7 (E.D. Cal. Apr. 11, 2006)..................... 11

Onyeneho v. Allstate Insurance Co.,
466 F.Supp.2d 1 (D.D.C. 2006) ................................................................................................ 2, 3

Ramirez v. Yosemite Water Co., Inc.
20 Cal. 4th 785 (1999) ................................................................................................................ 10

Saleh v. Titan Corp.,
361 F.Supp.2d 1152 (S.D. Cal. 2005)....................................................................................... 4, 6

Williams v. Bowman,
157 F.Supp.2d 1103 (N.D. Cal. 2001) ......................................................................................... 6

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ii

Case No.  CV 08 1071 SC

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

**STATUTES**

29 U.S.C. § 216(b) ................................................................................................ 2

Fed. R. Civ. P. 23(a)(4) ........................................................................................ 4

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

As explained in <u>Hoefer v. U.S. Department of Commerce</u>, No. C 00 0918 VRW, 2000 WL 890862, *3 (N.D. Cal. June 28, 2000), "litigation should proceed where the case finds its 'center of gravity.'" The following undisputed facts make plain that this case's center of gravity is Missouri and, thus, the Eastern District of Missouri is the most appropriate venue:

- out of 1,400 putative class members, approximately 500 live in Missouri or nearby Midwest states, as compared to only about 40 putative class members who live in California;

- Panera is headquartered in Missouri;

- at least nine corporate witnesses are expected to testify on behalf of Panera, most of whom live and work in or close to St. Louis, Missouri and the remainder of whom live east of Missouri and several time zones away from California;

- nearly all relevant documentation and employment records are maintained at Panera headquarters, located in Missouri;

- the Eastern District of Missouri is significantly less congested and has a shorter average time to trial than the Northern District of California; and

- Plaintiff has contractually agreed with Panera LLC to resolve disputes that she has with the Company in Missouri state or federal court.

Plaintiff Pati Johns does not refute these critical facts, nor does she offer any affidavits, documents, or other admissible evidence of her own.

With the exception of the nominal Plaintiff's personal preference of forum, which in the class action context is afforded little, if any, weight, all factors in the transfer analysis weigh in favor of moving this case to the Eastern District of Missouri. Indeed, the most critical factor, which Plaintiff wholly ignores, is that venue in Missouri is not only more convenient for Defendants, but it is substantially more convenient for the vast majority of Panera LLC General Managers (GMs) who

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

1

Case No. CV 08 1071 SC

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

make up the putative class and predominantly reside in Missouri and other Midwest states. Accordingly, the Court should grant Defendants' Motion to Transfer.

**A.     Plaintiff's Choice Of Forum Should Be Given Little, If Any, Deference.**

In evaluating motions to transfer venue, the United States Court of Appeal for the Ninth Circuit has unambiguously instructed that, "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). Plaintiff neither refutes this clear statement of law nor offers any Ninth Circuit authority to the contrary.[1]

Rather, Plaintiff attempts to distinguish Lou as a shareholder derivative class action and relies on dicta found in a footnote in Onyeneho v. Allstate Insurance Co., 466 F.Supp.2d 1, 6 n.2 (D.D.C. 2006)[2] to suggest that FLSA "opt-in" claims under 29 U.S.C. § 216(b) should be analyzed differently than other class actions for purposes of determining venue. She cannot avoid, however, the recent holding in Foster v. Nationwide Mutual Insurance Co., No. C 07-04928 SI, 2007 WL 4410408, *2 (N.D. Cal. Dec 14, 2007), in which this Court extended the rationale in Lou to an FLSA "opt-in" class action. Indeed, in Foster, despite the opt-in nature of the FLSA claim, Judge Illston *refused to accord any deference* to the plaintiffs' choice of forum, explaining that such deference is not necessary where class claims are asserted. Id. at *2-3; see also Montgomery v. TAP Enters., Inc., No. 06 CV 5799(HB), 2007 WL 576128 (S.D.N.Y. 2007) (plaintiff's choice of forum in section 216(b) did not significantly counsel against transfer, particularly in early stage of litigation before

---

[1]     In fact, numerous decisions from this very Court have followed Lou's reasoning and discounted a putative class representative's forum choice. See, e.g., Forrand v. Fed. Express Corp., No. C07-4674 THE, 2008 WL 276389, *2 (N.D. Cal. Jan. 31, 2008); Foster v. Nationwide Mutual Insurance Co., No. C 07-04928 SI, 2007 WL 4410408, *2-3 (N.D. Cal. Dec 14, 2007); Alexander v. Franklin Res., Inc., No. C 06-7121 SI, 2007 WL 518859, *3 (N.D.Cal. Feb 14, 2007); Italian Colors Restaurant v. Am. Express Co., No. C 03-3719 SI, 2003 WL 22682482, *3-4 (N.D. Cal. Nov. 10, 2003); Hoefer, 2000 WL 890862 at *2.

[2]     Significantly, the Onyeneho court *granted* the section 1404(a) motion and transferred the case. Id. at 6.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

2                                    Case No.  CV 08 1071 SC

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

1    any plaintiff has "opted-in").  Thus, Plaintiff cannot escape <u>Lou's</u> application, and her choice of

2    forum should be accorded little if any deference.

3         Regardless, Plaintiff's attempt to distinguish <u>Lou</u> because it was a shareholder derivative suit

4    is unconvincing, as the same rationale for not according deference to a plaintiff's choice of forum in

5    a Rule 23 class action applies equally to an FLSA collective action—a single plaintiff's choice of

6    forum should not bind other individuals who are equally qualified to bring suit.  As the Supreme

7    Court has noted, what forum is appropriate requires consideration of not only the nominal plaintiff,

8    but of the case's "relation to the whole group of members and stockholders whom [the] plaintiff

9    volunteers to represent."  <u>Koster v. Am. Lumbermens Mut. Cas. Co.</u>, 330 U.S. 518, 526 (1947).

10        Plaintiff simplistically suggests that a putative class member in an FLSA action can choose

11   not to opt in if he or she is dissatisfied with the venue.  This is no different, however, from a putative

12   class member in a Rule 23 class action who is free to opt out.  The fact is that, whether it is an FLSA

13   collective action or a shareholder derivative class action, the reality is the same: the decision whether

14   to participate is a Hobson's choice, either litigate in an inconvenient forum or give up your claim.

15   Thus, it is not a practical alternative for a putative class member to choose not to participate in an

16   FLSA action because the forum is inconvenient and, contrary to what Plaintiff suggests, a putative

17   class member's decision to opt-in to the action cannot reasonably be viewed as an affirmative

18   expression of their desire to have their claims heard by this Court.[3]  Accordingly, the presence of an

19   opt-in procedure should not bear on the determination of most appropriate venue.

20        Notably, in <u>Onyeneho</u>, <u>supra</u>, the case on which Plaintiff heavily relies to try to distinguish

21   an FLSA claim from a Rule 23 class action, the court made clear that such a distinction, i.e., opt-in

---

[3]    Notably, if a putative class member chooses not to opt-in to the present action because the forum was
inconvenient and instead brings a separate action, it would not serve judicial economy as there would then be
two competing collective actions in different federal districts asserting the same claim.  Ironically, the likely
result is that one or both parties would seek to consolidate the multi-district claims and the Court would be
faced with the same issue as is before it here.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

3                                          Case No.  CV 08 1071 SC

1   vs. opt-out, is of little importance where numerous factors strongly favor of transfer. <u>Onyeneho</u>, 466

2   F.Supp.2d at 6, n.2.  Similarly, in <u>Montgomery</u>, <u>supra</u>, the court determined that "whether plaintiffs

3   'opt-in' or 'opt-out' seems secondary to the ultimate convenience (or inconvenience) of the parties

4   and witnesses involved." <u>Montgomery</u>, 2007 WL 576128, at *5.

5

6       As Plaintiff has chosen to bring a collective action on behalf of all Panera GMs nationally,

7   her choice of forum must give way to the forum most convenient to all parties.  Indeed, as Plaintiff

8   holds herself out as the putative class representative, she is required to put the interest of all putative

9   class members before those of her own.  <u>See</u> Fed. R. Civ. P. 23(a)(4); <u>Armour v. Network Assocs.,</u>

10  <u>Inc.</u>, 171 F.Supp.2d 1044, 1048 (N.D. Cal. 2001) (class representative owes class duties as a

11  fiduciary). As the balancing of the equities here, particularly the convenience of the witnesses and

12  parties, weighs heavily in favor of transferring venue, Plaintiff's personal choice of forum should be

13  given little, if any, deference and the case should be transferred to the Eastern District of Missouri.

14

15      **B.    The Eastern District Of Missouri Would Be A Far More Convenient Venue For The Parties And Witnesses.**

16

17          **1.    Missouri Would Be More Convenient For Panera's Witnesses.**

18      It is well established that the relative convenience to the witnesses between the transferee and

19  transferor venues is the most important factor in the section 1404(a) analysis. <u>Saleh v. Titan Corp.</u>,

20  361 F.Supp.2d 1152, 1160 (S.D. Cal. 2005).  Defendants have demonstrated that the overwhelming

21  majority of both Panera LLC's corporate witnesses and putative class members reside and work in

22  Missouri or neighboring Midwest states and, thus, would find the Eastern District of Missouri to be a

23  substantially more convenient forum than the Northern District of California.  Indeed, via sworn

24  declaration, Panera identified nine individuals whom it reasonably anticipates will testify at trial,

25  along with their residences and expected testimony.  These employees' absence from their homes,

26  should they need to spend considerable time in California, would cause serious disruption to their

27  professional and personal lives, and would cause material harm to Panera's business.  <u>See</u>

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

4                    Case No.  CV 08 1071 SC

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

Defendants' Memorandum of Points and Authorities ("Def. MPA") at 6-7.  Plaintiff does not dispute these facts.

In contrast, Plaintiff fails to specify a *single witness* who would be inconvenienced by traveling to St. Louis rather than to San Francisco.  Plaintiff instead unpersuasively argues that Panera's anticipated witnesses are either not necessary to the case or would not be inconvenienced by the case proceeding in California.  Plaintiff first questions the testimony of two of Defendants' witnesses who work at Panera LLC's Richmond Heights, Missouri headquarters, Michael Gustafson and Jeffrey Levitt.  Contrary to what Plaintiff suggests, both these witnesses possess information critical to the case.  As Director of Technical Operations, Gustafson would provide crucial testimony regarding Panera LLC's records, including GMs' work schedules, hours worked, and compensation received; the completeness and accuracy of Company records; and the maintenance of Company records.  See Def. MPA at 5.   Jeffrey Levitt, Senior Manager, Asset Protection, would testify to security records revealing when Panera LLC's GMs entered or exited their respective stores, evidence that would be relevant to determining manager's hours worked.  See id.  These witnesses are thus "critical to the merits of the issues in this case," and should be considered in the convenience analysis.

Plaintiff next dismisses the inconvenience to three other Panera witnesses, Marianne Graziadei, William Simpson, and Patricia Tures, simplistically arguing that, because they do not live in the St. Louis area, they would be required to travel regardless of the forum.  Plaintiff ignores the fact that New York (Graziadei), Massachusetts (Tures), and Texas (Simpson) are all significantly closer to St. Louis than they are to San Francisco; indeed, while these states are in the same time zone or one time zone apart from St. Louis, they are two or three time zones apart from San Francisco.  See Def. MPA at 5-6.  Thus, for these witnesses, not only would travel time to Missouri be significantly shorter than travel time to San Francisco, but they would be able to avoid the jet lag

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

1  associated with cross-country travel and more closely keep to their normal schedules and routines.

2  See Foster, 2007 WL 4410408 at *6 (in transferring case from California to Ohio, relying on fact

3  that majority of witnesses live in eastern states bordering or close to Ohio); Evancho v. Sanofi-

4  Aventis U.S. Inc., No. C 07-00098 SI, 2007 WL 1302985, *3 (N.D. Cal. May 3, 2007) (convenience

5  of witnesses factor weighed substantially in favor of transfer where large number of critical

6  witnesses lived in transferee district).

7

8      Moreover, a trial in St. Louis would allow all Panera employee-witnesses who reside outside

9  of Missouri to work out of Panera LLC's Richmond Heights, Missouri headquarters while attending

10  to this case.  This would, of course, minimize disruption to their jobs and work responsibilities as

11  well as allow them access to Company resources, such as telephones, computers, mail and

12  administrative assistance.  In contrast, Panera has no equivalent work space in California.

13

14          **2.      The Potential Inconvenience To California GMs Is Far Outweighed By
              The Convenience Of Transfer To The Significantly Larger Number Of
15            Non-California GMs Who Reside In Or Close To Missouri.**

16      Plaintiff attempts to divert the Court's attention to the potential inconvenience that a

17  nebulous group of "California GMs" would experience should the case be transferred to Missouri.

18  See Plaintiff's Opposition ("Opp.") at 11.  On an initial note, as Plaintiff herself recognizes, a party

19  opposing a section 1404(a) motion must specifically identify potential witnesses by name, along

20  with those witnesses' locations, expected testimony, and that testimony's relevance; Plaintiff has

21  failed to do so.  See Opp. at 9-10; Williams v. Bowman, 157 F.Supp.2d 1103, 1108 (N.D. Cal.

22  2001).  Absent affirmative evidence of actual hardship that would be incurred by actual witnesses,

23  Plaintiff's inconvenience argument founders.  See Saleh, 361 F.Supp.2d at 1163-64 (dismissing

24  plaintiff's conclusory allegations regarding the necessity of unspecified individuals' testimony); cf.

25  Forte Capital Partners v. Harris Cramer, No. C07-01237 MJJ, 2007 WL 1430052, *6 (N.D.Cal. May

26  14, 2007) (party cannot rely on "vague generalizations of inconvenience" but "must demonstrate,

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

1  through affidavits or declarations containing admissible evidence, who the key witnesses will be and

2  what their testimony will generally include").

3      That said, Plaintiff's contention that transfer of the case to Missouri would "merely shift the

4  burden away from Panera to the putative members," is simply incorrect and disingenuous. See Def.

5  MPA at 4. In fact, transfer to Missouri would convenience not only Panera, but the vast majority of

6  putative class members. As pointed out in Defendants' Opening Brief, there are only about 40

7  putative class members in California while there are approximately 150 putative class members in

8

9  Missouri and as many as 500 putative class members when neighboring Midwest states are

10 considered. See Def. MPA at 4. There is no justification for Plaintiff putting the interests of the few

11 putative class members in California ahead of the interests of the vast majority of putative class

12 members in or close to the Midwest who would find Missouri to be a significantly more convenient

13 forum. Indeed, to the extent that GMs will testify, their ranks will mostly be filled from Missouri

14

15 and neighboring states, *not* California.

16      Far from improperly shifting burdens here, the numbers clearly reveal that transfer to the

17 Eastern District of Missouri would be more convenient for both parties and the vast majority of

18 witnesses.[4]  See Foster, 2007 WL 4410408 at *4-5 (location of large number of witnesses is a

19 substantial factor in the transfer analysis); Evancho, 2007 WL 1302985 at *2-3 (same). Notably,

20 Panera LLC has a business interest in maximizing the convenience for not only its corporate

21 employees, but also for putative class members, as these are its General Managers who have primary

22

23 responsibility for running its stores. Each day that a manager must spending traveling to and from

24 California for this case is a day that Panera LLC lacks adequate supervision for a store. As it is clear

25 that the factual "center of gravity" of this case is in the Eastern District of Missouri, and transfer

26

27

28

---

[4]    Transfer to Missouri would be convenient for both counsel as well, as Plaintiff's counsel is located in Kansas City and Defendants' counsel has an office in St. Louis.

Case No.  CV 08 1071 SC

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

1    thereto would serve the convenience of both parties and their witnesses, Defendants' Motion to

2    Transfer should be granted. <u>See</u> <u>Hoefer</u>, 2000 WL 890862 at *3 (transferring case to district where

3    key witnesses were found because "litigation should proceed where the case finds its 'center of

4    gravity'").

5

6        **C.    Transporting Documentary Evidence To California Would Be An Undue
         Burden For Panera.**

7

8        Plaintiff does not deny that the evidence in this case will likely include thousands of pages of

9    documents and records maintained at Panera headquarters, or that transporting these documents from

10   Missouri to California would substantially burden Panera and would disrupt the personal and

11   professional lives of the documents' respective custodians. <u>See</u> Def. MPA at 7.  Instead, Plaintiff

12   suggests that some documents may be in electronic format.  As pointed out in Defendants' Opening

13   Brief, the fact that some documents may be stored electronically does not alter the transfer analysis.

14   <u>See</u> Def. MPA at 13, n.8; <u>Foster</u>, 2007 WL 4410408 at *6; <u>Italian Colors</u>, 2003 WL 22682482 at *5.

15   The fact remains that, regardless of how stored, the relevant information and documentation resides

16

17   in Missouri, not California, and, thus, this factor also weighs in favor of transferring venue.

18       **D.    Plaintiff's FLSA Claims Predominate And Missouri Has The Greater Local
         Interest In This Dispute.**

19

20       Plaintiff does not dispute or even address the fact that Missouri has the greater local interest

21   in this case, as Panera is headquartered in Missouri and the largest proportion of stores and putative

22   class members are located in and around Missouri.  <u>See</u> Def. MPA at 7.  Instead, for purposes of her

23   Opposition, Plaintiff attempts to reframe the case as being predominantly of a California nature by

24   pointing to the fact that four Counts in her Complaint are premised on California law.  <u>See</u> Opp. at

25   13-14.  Plaintiff's argument ignores both the demographic and legal realities of the case.  First, as

26   explained previously, the putative California sub-class would include only some *40* individuals, less

27

28   than 3 percent of the approximately *1,400* putative class members nationwide.  In fact, Count IV,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

8

Case No.  CV 08 1071 SC

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

1  which alleges "Failure to Pay all Compensation Due and Owing at Termination," is applicable to

2  only those California Panera LLC GMs who have left the Company.   As most Panera LLC

3  California bakery-cafes opened after January 2007, and few GMs have terminated their employment,

4  this putative sub-class likely consists of only a small number of individuals.  See Def. MPA at 4.

5  Thus, the numbers alone reveals that the California-based claims are subordinate to the FLSA claim,

6  regardless of the number of Counts asserted.

7

8          Moreover, contrary to what Plaintiff suggests, her other three California Counts, for

9  overtime, meal and rest breaks, and violation of the California Business & Professions Code, are not

10  based on "independent legal theories;"  rather, they all stem from and are dependent upon Plaintiff's

11  theory that she is not-exempt.  Thus, regardless of the "number" of California Counts asserted, it is

12  clear that the crux of this case is the nationwide FLSA claim; thus, the supplemental state law claims

13  should not drive the venue determination.   As explained in Foster: "Where a federal court's

14  jurisdiction is based on the existence of a federal question, as it is here, one forum's familiarity with

15  supplemental state law claims should not override other factors favoring a different forum," as

16  "other federal courts are fully capable of applying California law."  2007 WL 4410408, at *6; see In

17  re Funeral Consumers Antitrust Litig., 2005 WL 2334326, *6 (N.D. Cal. Sept. 23, 2005) (the "tail

18  should not wag the dog;" if the main federal claim is clearly better served in the transferee district,

19  the pendency of supplemental state law should not override this determination).

20

21  **E.      The Eastern District Of Missouri Is Far Less Congested.**

22          Plaintiff concedes that far fewer cases are pending in the Eastern District of Missouri as

23  compared to this District.  Moreover, cases in the Eastern District go to trial, on average, two and a

24  half months sooner than cases in this Court.  Thus, the factor of court congestion also weighs in

25  favor of transferring venue.

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

9                          Case No.  CV 08 1071 SC

1

**F.    Plaintiff's Forum Selection Agreement Is Binding.**

2

Plaintiff executed the following two agreements relating to her employment as a GM with

3

Panera LLC: (1) a "First Amended and Restated Joint Venture General Manager Compensation

4

Plan;" and, (2) an "Employment Agreement JV General Manager" (collectively, the "Agreements").

5

See Higgins Decl. Exs. A and B. The Employment Agreement controlled Plaintiff's compensation,

6

vacation, benefits, and termination compensation, while the Compensation Plan carefully defined the

7

profit-sharing bonuses that Plaintiff received as a Panera LLC GM. See id.   In both Agreements,

8

9

Plaintiff and Panera LLC consented to a forum selection clauses mandating Missouri state or federal

10

court as the venue for resolving any disputes. See id.

11

Plaintiff attempts to sidestep her contractual obligations by summarily asserting that the

12

Agreements do not apply to the instant dispute. See Opp. at 14-15.  To the contrary, the present

13

controversy touches directly upon these Agreements.  For example, the Agreements controlled the

14

manner and amount that Plaintiff would be paid.  If Plaintiff believes these terms to be unlawful, her

15

16

claims challenge the very essence of these Agreements and, thus, such dispute must be resolved

17

consistent with the Agreements' forum selection provisions.  Moreover, Plaintiff's Employment

18

Agreement set forth her job responsibilities.  It is well established that a manager cannot base a

19

claim that she is non-exempt on her failure to perform up to performance expectations. See

20

Ramirez v. Yosemite Water Co., Inc., 20 Cal. 4th 785, 802-03 (1999).  Thus, whether Plaintiff

21

22

performed the responsibilities assigned to and expected of her is a primary issue in dispute and

23

requires analysis and interpretation of the Employment Agreement.

24

Accordingly, the existence of the forum selection provisions weighs heavily in favor of, if

25

not demands, transferring venue to Missouri. See Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d

26

509, 514 (9th Cir. 1988) (forum selection clause applies whenever the "claims relate to interpretation

27

of the contract"); Multimin USA, Inc. v. Walco Int'l, Inc., No. CV F 06-0226 AWI SMS, 2006 WL

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433 1940

10                                              Case No.  CV 08 1071 SC

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE

1    1046964, *7 (E.D. Cal. Apr. 11, 2006) ("the forum selection clause still applies if the claims asserted

2    arise out of the contractual relation or implicate the contract's terms").

3    **G.    There Is No Basis For Staying Defendants Motion Pending Additional**
4          **Discovery.**

5          Finally, Plaintiff argues in the alternative that the Court should stay the instant Motion and

6    allow discovery to be conducted.  This is a red herring, as Plaintiff has failed to identify any facts or

7    information that could be gained during discovery that would bear on this Motion.  The appropriate

8    time to transfer venue is early in the case before preliminary certification has been sought and before

9
10   extensive discovery has been conducted.  Given that the venue analysis clearly tips so sharply in

11   favor of transfer, there is simply no reason to delay a ruling on this Motion.

12   **H.    Conclusion.**

13         Stripped to its essence, Plaintiff's argument is that her personal choice of forum should

14   override all other considerations that weigh in favor of transfer of venue.  Such an argument ignores

15   the relevant legal authority and undisputed facts, all of which weigh in favor of transfer, including

16
17   (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the ease of access to the

18   evidence; (4) the local interest in the controversy; (5) relative court congestion; and, (6) contractual

19   agreements between the parties.  Indeed, transfer of this case to the Eastern District of Missouri

20   would be substantially more convenient for not only Panera, but also for the vast majority of putative

21   class members.  Plaintiff seeks to bring her claim on behalf of a national class and, thus, must defer

22   to the interests of the class.  The dispute's center of gravity is clearly Missouri.  Accordingly

23   Defendants' Motion should be granted and venue should be transferred to the Eastern District of

24   Missouri.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

11                                    Case No.  CV 08 1071 SC

1    Dated:  April 11, 2008                Respectfully submitted,

2

3                                          /s/ *Margaret Hart Edwards*
                                           Margaret Hart Edwards
4                                          Philip L. Ross
                                           Michael Mankes
5                                          LITTLER MENDELSON
                                           A Professional Corporation
6                                          Attorneys for Defendants
                                           PANERA BREAD COMPANY AND
7                                          PANERA LLC

8    84824849.1 054286.1005

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

12                        Case No.  CV 08 1071 SC

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO TRANSFER VENUE