ERIC H. GIBBS (State Bar No. 178658)
ehg@girardgibbs.com
DYLAN HUGHES (State Bar No. 209113)
GEOFFREY A. MUNROE (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Phone: (415) 981-4800
Facsimile: (415) 981-4846

GEORGE A. HANSON (appearing *pro hac vice*)
hanson@stuevesiegel.com
RICHARD M. PAUL III (appearing *pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone: (816) 714-7100
Facsimile: (816) 714-7101

Attorneys for Plaintiff PATI JOHNS

MARGARET HART EDWARDS (State Bar No. 65699)
mhedwards@littler.com
PHILIP L. ROSS (State Bar No. 90042)
MICHAEL MANKES (State Bar No. 179016)
**LITTLER MENDELSON**
A Professional Corporation
650 California Street, 20th Floor
San Francisco, California 94108
Phone: (415) 433-1940

Attorneys for Defendants
PANERA BREAD COMPANY and PANERA LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATI JOHNS, individually, and on behalf of a class of other similarly situated employees,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>PANERA BREAD COMPANY, a Delaware corporation; and PANERA LLC, a Delaware limited liability company,<br><br>　　　　　　　　Defendants. | Case No. 3:08-cv-1071-SC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　　June 6, 2008<br>Time:　　10:00 a.m<br>Court:　　1 |

# JOINT REPORT OF THE PARTIES' PLANNING MEETING AND JOINT CASE MANAGEMENT STATEMENT

Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held on May 15, 2008 and was telephonically attended by Eric Gibbs, Geoffrey Munroe and Richard Paul on behalf of Plaintiff, and Margaret Hart Edwards and Michael Mankes on behalf of Defendants.

In accordance with this Court's March 1, 2007 standing order, and Local Rule 16-9, the parties report as follows:

**1. Jurisdiction and Service:**

Plaintiff invokes the jurisdiction of this Court under 9 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1332 (d)(2)(A).

All parties named in the action as Defendants have been served.

Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class member, it has been incorrectly named as a Defendant in this action, and there are no allegations properly charged against it.

Defendants' pending motion to transfer venue to the United States District Court for the Eastern District of Missouri is currently under submission to the Court.

**2. Facts:**

Plaintiff brings this case on behalf of herself and as a proposed class action on behalf of current and former general managers of Panera restaurants seeking to recover earned but unpaid overtime wages. Specifically, Plaintiff alleges that Defendants' compensation practices violate various California Labor Code sections, the Fair Labor Standards Act ("FLSA"), and Cal. Bus. & Prof. Code § 17200.

Plaintiff seeks to bring a statewide class action on behalf of California residents and workers under § 17200 and various Cal. Labor Code sections for failure to pay overtime wages, meal and rest period wages, and all wages due and owing at termination. The proposed class is defined as "all current and former General Managers employed by Panera in the State of California within the last four years." Plaintiffs seek certification under Rule 23(b)(2) and (3).

Plaintiff also seeks to bring a nationwide FLSA collective action based on Panera's alleged violation of the FLSA's record-keeping and overtime requirements.

Defendants submit that Plaintiff and each of the members of the putative class of general managers that she seeks to represent, have each been properly classified as "exempt" executive or administrative employees under the California Labor Code and Industrial Wage Orders, as well as under the FLSA, and thus were not unlawfully denied overtime and/or meal or rest periods, as each individually in the performance of his/her job duties factually meets the legal requirements for "exempt" status. Defendants further submit that Plaintiff and any member of the putative class of General Managers that she seeks to represent, have each properly been paid all wages due upon termination, and that Defendants have properly complied with all pay record-keeping requirements associated with Plaintiff or any the members of the putative class she seeks to represent.

Defendants further submit that they have not engaged in any unfair business practice within the meaning of Cal. Bus. & Prof. Code § 17200.

As noted above, Defendant Panera Bread Company alleges that it is not the employer of Plaintiff or of any putative class members.

3. **Legal Issues:**

The parties agree that the primary legal issues in this case are: (1) whether or not Panera has correctly classified Plaintiff as an executive and/or administrative employee exempt from overtime and meals/rest period requirements under the California Labor Code and/or Industrial Wage Orders; (2) whether or not Panera has correctly classified Plaintiff as an executive and/or administrative employee exempt from overtime under the FLSA; and (3) whether or not Plaintiff was correctly paid all wages due and owing at termination.

The parties also agree that the following may be the primary issues in this case regarding class and collective action certification: (1) whether or not any class may be properly certified under the requirements of Rule 23(b); (2) whether or not any class may be conditionally certified under 29 U.S.C. §216(b); and (3) whether or not an "opt-out" Rule 23 class action and an "opt-in" collective action under the FLSA may be pursued in the same action.

Defendants believe the following may also be primary issues in this case: (1) (if a Rule 23 class action is certified) whether or not Panera has correctly classified other General Managers employed in Panera cafés in California as exempt executive and/or administrative employees exempt from overtime

and meals/rest period requirements under the California Labor Code and/or Industrial Wage Orders; (2) (if a Rule 23 class action is certified) whether or not other former General Managers employed in Panera cafés in California were correctly paid all wages due at termination; (3) (if a FLSA collective action is and remains certified) whether or not Panera has correctly classified other General Managers employed in Panera cafés as executive and/or administrative employees exempt from overtime under the FLSA; and (4) whether or not any defense exists to any of the claims brought by Plaintiff or the putative classes she seeks to represent as set forth in Defendants' respective Answers to the First Amended Complaint.

**4.    Motions:**

As referenced above, Defendants have filed a motion to transfer venue to the United States District Court for the Eastern District of Missouri. That motion is fully briefed and awaiting ruling.

Plaintiff intends to file a motion for class certification and a motion for conditional collective action certification after an initial period of discovery. Plaintiff is as yet uncertain, but may file other motions in this case.

Defendants intend to file a cross-motion for denial of class certification. Should a collective action be preliminarily certified, Defendants also intend to file a motion for decertification of the collective action after appropriate discovery has been completed. Defendant Panera Bread Company plans to file a motion for summary judgment and/or partial summary judgment on the grounds it was not the employer of Plaintiff or any putative class members and is thus not a proper party to this action.

Defendant Panera LLC anticipates filing a motion for summary judgment to determine the exempt status of Plaintiff under the FLSA and/or California law. Defendant is as yet uncertain, but anticipates filing other motions in this case.

**5.    Amendment of Pleadings:**

Plaintiff believes it is premature to set a date for the amendment of the pleadings given that the size and scope of this putative class action is yet to be determined, and the large number of "primary" issues identified above. Plaintiff believes it is appropriate to revisit amendment of the pleadings after such issues are resolved.

Defendant believes that a cut-off date for any further amendment of the pleading (which has already been amended once by Plaintiff) should be set within the next 60 days.

6. **Evidence Preservation:**
   - Defendants have in place a litigation hold directive in order to preserve the retention of relevant documents.
   - Plaintiff will identify the electronic data information that she desires and will send out a request for documents pertaining to electronic documents once the period for discovery commences.
   - The parties will continue to work toward a mutually agreeable document and data format and do not foresee problems in selecting an agreeable production method.
   - Defendants have proposed that the documents and electronic data sought by Plaintiff be covered by a protective order, which terms Defendants will propose and Plaintiffs consider, all subject to final Court approval.
   - Depending on the scope of the documents requested by Plaintiff, and factors such as the data format agreed upon, Defendants may file a motion requesting that some or all of the cost associated with retention of documents and requested productions be borne by Plaintiff.
   - Depending on the scope of the documents requested by Plaintiff, Defendants may seek a Protective Order.

7. **Disclosures:**

   Plaintiff and Defendants will exchange their initial disclosures by May 29, 2008. The parties will supplement these disclosures as required under Rule 26.

8. **Discovery:**

   The parties believe discovery should commence in this case and that the parties should complete the discovery they need to proceed with mediation and class and collective action certification briefing. The parties agree that mediation (discussed below) should commence by November 15, 2008, and any discovery related to mediation should be completed by November 1, 2008. The parties further agree that if mediation is not successful, they will complete any remaining discovery related to class and collective action certification by December 31, 2008, and that Plaintiff shall submit her class and collective action certification briefing by January 30, 2009.

Until the Court rules on whether this case should be certified as a class and/or collective action, the parties believe it is premature to establish a deadline for the completion of all discovery. After the Court has ruled on certification, the parties will jointly submit proposed deadlines for the close of discovery.

**9.    Class Actions:**

The parties agree that discovery needed for class certification briefing shall be completed by December 31, 2008, and that the parties file any motion(s) associated with class action certification and/or collective action certification on or before January 30, 2009.

**10.    Related Cases:**

Defendants note that there is another case: *Marion Taylor v. Panera Bread Co, et al.*, USDC Case No. CV 08-1519 BZ, currently pending in this Court and assigned for all purposes with the parties consent to Hon. Mag. Judge Zimmerman. The *Taylor* case, brought by the same counsel as representing Plaintiff Johns in this action, is a putative class action brought on behalf of hourly Customer Associate employees employed at Panera cafés in California and alleges a failure to provide Associates with routine meal and rest breaks, and failing to pay Associates for all accrued vacation time upon termination of employment. Although none of the parties filed a notice of related case, Defendants submit that the *Taylor* case may or may not fit the definition of a related case. Plaintiff submits that *Taylor* does not meet the definition of a related case, thus there are no pending related cases.

**11.    Relief:**

Plaintiff seeks restitution for unpaid wages, including overtime. Additionally, Plaintiff seeks restitution for unpaid wages for meal and rest periods and wages for failure to pay wages due and owing on termination on behalf of all California putative class members.

Plaintiff will calculate damages by establishing at trial the amount (or a reasonable estimate of the amount) of hours per week the opt-in plaintiffs and class members were not compensated for overtime, meal and rest periods, etc. Plaintiff will then multiply this amount by the number of weeks worked during the relevant limitations period. Plaintiff will then multiply the number of hours worked in the amount of relevant weeks by the average weekly compensation. Plaintiff will also seek restitution for missed meal and break periods and for up to thirty days of wages for failure to pay at termination.

1  Plaintiff will also seek attorneys' fees, costs, interest, liquidated damages, and all other relief the Court
2  deems just and proper.
3       Defendants submit that neither Plaintiff, nor the putative class that she seeks to represent should
4  take anything by way of their complaint, that the action should be dismissed with prejudice, and that
5  Defendants should be awarded their attorneys' fees and costs.
6  **12.   Settlement and ADR:**
7       The Court has assigned this case to the ADR Multi-Option Program. Counsel for the parties have
8  discussed the options with their clients and with each other. The parties have agreed to private mediation
9  as the specific ADR plan for the case.  The parties further agree that respected local neutral, Mark Rudy,
10 Esq. should serve as a mediator in this proposed class and collective action.  The parties agree that
11 discovery related to mediation shall be completed by November 1, 2008, and that mediation shall
12 commence by November 15, 2008.  Defendants believe that mediation should take place before the
13 parties have incurred the cost and expense of preparing their motion papers associated with any motions
14 regarding class certification and or collective action certification.
15 **13.   Consent to Magistrate Judge For All Purposes:**
16      The parties do not, at this time, consent to have a magistrate judge conduct all further
17 proceedings.
18 **14.   Other References:**
19      At this time the parties do not believe this case is suitable for reference to binding arbitration, a
20 special master, or the Judicial Panel on Multidistrict Litigation.
21 **15.   Narrowing of Issues:**
22      The parties do not believe that the issues can be narrowed at this time. After appropriate
23 discovery the parties are willing to further meet and confer regarding whether any narrowing of the
24 factual or legal issues can be achieved by way of voluntary agreement.  Defendant Panera Bread
25 Company intends to narrow the issues brought against it by way of a motion for summary judgment
26 and/or partial summary judgment. All other parties further reserve the right to bring their own additional
27 motions for summary judgment and/or partial summary judgment as may deem appropriate.
28

16. **Expedited Schedule:**

The parties believe this case cannot be expedited at this point.

17. **Scheduling:**

The parties believe discovery should commence after the Case Management Conference and that the parties shall complete the discovery they need in order to proceed with class and collective action certification briefing and with mediation. Until the Court rules on whether or not a class should be certified in this case, the parties believe it is premature to establish a deadline for the completion of all discovery and scheduling for additional motions or trial.

18. **Trial:**

The parties believe it is premature to schedule a trial date.

19. **Disclosure of Non-party Interested Entities or Persons:**

The Plaintiff has filed her "Certification of Interested Entities or Persons." Plaintiff did not disclose any person or entity other than Plaintiff. Defendants will file their Certification shortly.

Respectfully submitted,

DATED: May 29, 2008          **GIRARD GIBBS LLP**

By: _____
Eric H. Gibbs
Attorneys for Plaintiff
PATTI JOHNS

DATED: May __, 2008          Respectfully submitted,

**LITTLER MENDELSON**
A Professional Corporation

By: _____
Margaret Hart Edwards
Attorneys for Defendants
PANERA BREAD COMPANY AND
PANERA LLC

16. **Expedited Schedule:**

The parties believe this case cannot be expedited at this point.

17. **Scheduling:**

The parties believe discovery should commence after the Case Management Conference and that the parties shall complete the discovery they need in order to proceed with class and collective action certification briefing and with mediation. Until the Court rules on whether or not a class should be certified in this case, the parties believe it is premature to establish a deadline for the completion of all discovery and scheduling for additional motions or trial.

18. **Trial:**

The parties believe it is premature to schedule a trial date.

19. **Disclosure of Non-party Interested Entities or Persons:**

The Plaintiff has filed her "Certification of Interested Entities or Persons." Plaintiff did not disclose any person or entity other than Plaintiff. Defendants will file their Certification shortly.

Respectfully submitted,

DATED: May __, 2008          **GIRARD GIBBS LLP**


By: _____
       Eric H. Gibbs
Attorneys for Plaintiff
PATTI JOHNS

DATED: May 29, 2008          Respectfully submitted,

**LITTLER MENDELSON**
A Professional Corporation


By: _____
       Margaret Hart Edwards
Attorneys for Defendants
PANERA BREAD COMPANY AND
PANERA LLC