1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

9   PATI JOHNS,                          )   Case No. 08-1071 SC
                                         )
10          Plaintiff,                   )   ORDER GRANTING
                                         )   DEFENDANTS' MOTION TO
11      v.                               )   TRANSFER VENUE
                                         )
12   PANERA BREAD COMPANY, a Delaware    )
     corporation; and PANERA LLC, a      )
13   Delaware limited liability company,)
                                         )
14          Defendants.                  )
                                         )
15   _____ )
16

17   I.   **INTRODUCTION**

18          This matter comes before the Court on the Motion to Transfer

19   Venue ("Motion") filed by the defendants Panera Bread Company and

20   Panera LLC (collectively "Panera" or "Defendants").  Docket No. 6.

21   The plaintiff Pati Johns ("Plaintiff" or "Johns") filed an

22   Opposition and Panera submitted a Reply.  Docket Nos. 15, 18.  For

23   the following reasons, Panera's Motion is GRANTED.

24

25   II.  **BACKGROUND**

26          Plaintiff, a resident of Antioch, California, was employed as

27   a General Manager at the Antioch Panera bakery-cafe from March

28   2005, until January 12, 2008.  First Am. Compl. ("FAC"), Docket

<div style="writing-mode: vertical-rl">United States District Court
For the Northern District of California</div>

No. 3, ¶ 6.  Panera is a Delaware corporation with its principal

place of business in Richmond Heights, Missouri.  Id. ¶ 7.  Panera

owns and operates approximately 500 bakeries nationwide, 32 of

which are located in California.  Id. ¶ 10; Higgins Decl., Docket

No. 7, ¶ 9.[1]

Plaintiff brought the present action alleging wage and hour

violations on behalf of two putative classes against Panera.  The

first is a nationwide, Fair Labor Standards Act ("FLSA) opt-in

collective action.  Id. ¶ 21.  The second putative class is

defined as "[a]ll current and former General Managers employed by

Panera in the State of California within the last four years."

Id. ¶ 22.  The second putative class alleges violations of various

California laws, including the California Labor Code and

California's Business and Professions Code § 17200 et seq.  Id. ¶¶

44-69.

III.  **LEGAL STANDARD**

"For the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil

matter to any other district or division where it might have been

brought."  28 U.S.C. § 1404(a).  The purpose of § 1404(a) is to

"prevent the waste of time, energy, and money and to protect

litigants, witnesses and the public against unnecessary

inconvenience and expense."  Van Dusen v. Barrack, 376 U.S. 612,

616 (1964) (internal quotation marks omitted).  "A motion for

---

[1]  Courtney Higgins is the Senior Manager for Human Resource
Systems at Panera's headquarters in Missouri.

2

United States District Court
For the Northern District of California

transfer lies within the broad discretion of the district court, and must be determined on an individualized basis." Foster v. Nationwide Mut. Ins. Co., No. C 07-4928, 2007 WL 4410408, at *1 (N.D. Cal. Dec. 14, 2007) (relying on Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)).

To support a motion for transfer, the moving party must establish that venue is proper in the transferor district, the transferee district is one where the action might have been brought, and the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. Foster, 2007 WL 4410408, at *2. It is clear, and the parties do not argue otherwise, that venue in this district is proper and that the action might have been brought in the proposed transferee district, the Eastern District of Missouri. See Opp'n at 2. Thus, the issue to be decided is whether Panera has satisfied its burden of demonstrating that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice.

In determining this issue, courts look to the following factors: (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to the evidence; (4) familiarity of each forum with the applicable law; (5) feasibility of consolidation with other claims; (6) any local interest in the controversy; and (7) the relative court congestion and time of trial in each forum. See Foster, 2007 WL 4410408, at *2. In addition, a forum selection clause is a significant but not dispositive factor in a court's § 1404(a) analysis. Jones, 211

United States District Court
For the Northern District of California

1    F.3d at 498.

2

3    **IV.   DISCUSSION**

4         **A.    Plaintiff's Choice of Forum**

5         In general, a plaintiff's choice of forum carries substantial

6    weight in a motion to transfer venue.  See, e.g., Foster, 2007 WL

7    4410408, at *2; Flint v. UGS Corp., No. C 07-4640, 2007 WL

8    4365481, at *3 (N.D. Cal. Dec. 12, 2007).  In class actions,

9    however, a plaintiff's choice of forum is often accorded less

10   weight.  See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987)

11   (stating that "[a]lthough great weight is generally accorded

12   plaintiff's choice of forum, . . . when an individual . . .

13   represents a class, the named plaintiff's choice of forum is given

14   less weight").  "In judging the weight to be accorded [the

15   plaintiff's] choice of forum, consideration must be given to the

16   extent of [the parties'] contacts with the forum, including those

17   relating to [the plaintiff's] cause of action."  Id.

18        In the present case, Plaintiff resides in Antioch,

19   California.  Antioch falls within Contra Costa County, which is

20   situated in the Northern District of California.  See 28 U.S.C. §

21   84(a).  In addition, the Panera bakery where Plaintiff worked is

22   also in Antioch.  These factors tend to favor deference towards

23   Plaintiff's forum choice.

24        Nonetheless, Plaintiff's decision to seek to represent a

25   nationwide class substantially undercuts this deference.  See,

26   e.g., Foster, 2007 WL 4410408, at *3 (stating that one of the

27   "multiple factors weigh[ing] against consideration of plaintiffs'

28                                       4

United States District Court
For the Northern District of California

choice of forum" was the fact that "plaintiffs ha[d] brought th[e]
case as a class action"); <u>Italian Colors Rest. v. Am. Express</u>, No.
C 03-3719, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003)
(same); <u>Hoefer v. U.S. Dep't of Commerce</u>, No. C 00-0918, 2000 WL
890862, at *2 (N.D. Cal. June 28, 2000) (holding because the
"members of the purported class are numerous and are located
throughout the nation[,]" the "plaintiff's choice of forum . . .
is not given substantial weight when determining whether a
transfer of venue is proper").

These cases are consistent with Ninth Circuit and Supreme
Court authority. <u>See</u>, <u>e.g.</u>, <u>Lou</u>, 834 F.2d at 739 (finding that
"when an individual . . . represents a class, the named
plaintiff's choice of forum is given less weight"); <u>Koster v.
(Am.) Lumbermens Mut. Cas. Co.</u>, 330 U.S. 518 (1947) (stating
"where there are hundreds of potential plaintiffs, all equally
entitled voluntarily to invest themselves with the corporation's
cause of action and all of whom could with equal show of right go
into their many home courts, the claim of any one plaintiff that a
forum is appropriate merely because it is his home forum is
considerably weakened").

Plaintiff argues, with some persuasion, that her case is
unique from <u>Koster</u> and its progeny in that the nationwide class
she proposes would, under the FLSA, require class members to opt
in.  This opt-in requirement, according to Plaintiff, negates the
concerns in <u>Koster</u> that were animated primarily by the nature of
the shareholder derivative suits at issue.  As at least several
other courts have noted, "the opt-in structure of collective

actions under section 216(b) of the FLSA strongly suggests that
Congress intended to give plaintiffs considerable control over the
bringing of a FLSA action." Onyeneho v. Allstate Ins. Co., 466 F.
Supp. 2d 1, 6 n.2 (D.D.C. 2006); see also id. (collecting cases).

In addition, Plaintiff argues that because she seeks to
represent two classes, one of which would be comprised solely of
managers of Panera's California stores, her choice of a forum in
California is entitled deference.  Although this reasoning in the
abstract may be true, the numbers in this case tell a different
story.  According to Panera, while it has 509 bakeries nationwide,
only 32 of these are located in California.  Higgins Decl. ¶ 9.
Because Panera did not open its first bakery in California until
2005, Panera estimates that there are roughly only 40 current and
former managers living in California, while nationwide there may
be as many as 1,400.  Id. ¶¶ 17, 21.  In light of these numbers
and the reasoning discussed above, the Court finds that
Plaintiff's choice of forum in the present case is entitled little
deference.

### B.    Convenience of Parties and Witnesses

"In analyzing whether transfer of a case would serve the
convenience of the witnesses, the Court must look at who the
witnesses are, the nature of what the testimony will be, and why
such testimony is relevant or necessary." Flint, 2007 WL 4365481,
at *4.  It is clearly more convenient for Plaintiff to litigate
her claims here in the Northern District of California, where she
lives.  It is equally clear that convenience for Panera would best
be served by litigating the action in the Eastern District of

Missouri, close to Panera's headquarters.  The Court must
therefore weigh the convenience to the other potential witnesses.

The putative class members who reside in California might
be less inconvenienced if the litigation were to occur in
California rather than Missouri.  As noted by Panera, however, the
putative class in California is comprised only of approximately 40
persons.  Higgens Decl. ¶ 17.  The nationwide putative class, on
the other hand, consists of 1,400 past or current Panera general
managers, more than a third of whom live in Missouri, Illinois,
Indiana, or Michigan.  Id. ¶ 20.  These putative class members,
should they opt in, would likely best be served by litigation in
Missouri.  Nonetheless, "the Court still lacks any indication of
how many people from the putative class are anticipated to be
witnesses, and what their relevant testimony would be."  Flint,
2007 WL 4365481, at *4.  Therefore, the Court "cannot base a
decision to transfer on speculation as to the relevance of
potential, but unnamed, witnesses."  Id.

Panera has provided a list of nine witnesses who are
employees of Panera and who, according to Panera, would likely
testify at trial.  See Higgins Decl. ¶ 25.  Plaintiff concedes
that of these nine, seven will likely be able to provide relevant
testimony.  Opp'n at 11.  Plaintiff argues, however, that of these
seven, only four actually reside in Missouri, with the other three
living in New York, Texas, and Massachusetts, respectively.

It is clear that the four witnesses who reside in Missouri
will be better served through litigation in Missouri.  In
addition, those living in the other states will also be better

7

United States District Court
For the Northern District of California

served by transfer, as their home states are significantly closer to Missouri than to California.

For the above-stated reasons, the Court finds that convenience of the parties and witnesses substantially favors transfer to the Eastern District of Missouri. This conclusion is supported by a number of other district court opinions. See, e.g., Foster, 2007 WL 4410408, at *4-5 (finding that "Defendant's corporate headquarters is located in [the proposed transferee district], as are many of the witnesses defendant would likely call to testify at trial," and holding that because of this, in combination with other factors, the convenience of the parties and witnesses favored transfer); Evancho v. Sanofi-Aventis U.S., Inc., No. C 07-0098, 2007 WL 1302985, at *3 (N.D. Cal. May 3, 2007) (finding that because "a large number of critical witnesses live and work in New Jersey, and a greater proportion of the putative class members lives and works on the east coast than the west coast," convenience of the parties and witnesses favored transfer); Hoefer, 2000 WL 890862, at *2 (stating that because the headquarters of defendants were in Washington D.C., "crucial witnesses are easily accessible if the action is litigated in the District of Colombia").

C.    **Ease of Access to the Evidence**

"Documents pertaining to defendants' business practices are most likely to be found at their personal place of business." Italian Colors Rest., 2003 WL 22682482, at *5. Neither party disputes the fact that most, if not all, of the evidence is located at Panera's Missouri headquarters. Opp'n at 12; Reply at

8

8.

Plaintiff argues that because Panera has not demonstrated that the evidence exists only in hard copies, rather than electronically, ease of access to the evidence should not favor transfer.  This issue was recently discussed by another court in this district.  The court noted that "[w]ith technological advances in document storage and retrieval, transporting documents does not generally create a burden."  <u>Van Slyke v. Capital One Bank</u>, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007).  In <u>Van Slyke</u>, the court found that "[o]ther than describing where their records are located, defendants do not contend that transporting records, or reducing them to electronic form, would cause them significant hardship."  <u>Id.</u>  In assessing the overall impact of this factor, the court stated that transfer of venue "may reduce discovery costs somewhat, at least for defendants.  This factor, however, is of diminished importance and is neutral toward transfer."  <u>Id.</u>

Although the Court finds the reasoning of <u>Van Slyke</u> relevant to the present case, it is also mindful that "[l]itigation should proceed where the case finds its center of gravity." <u>Hoefer</u>, 2000 WL 890862, at *3 (internal quotation marks omitted).  Therefore, because all of Panera's key witnesses and documents are located in or near Missouri, the center of gravity would plainly appear to be the Eastern District of Missouri.

D.    **Familiarity of Each Forum with Applicable Law**

Plaintiff's First Amended Complaint contains one claim under the FLSA and four claims under California law.  It is true that this Court is more familiar with California law than is the

9

Eastern District of Missouri. It is also true, however, "that other federal courts are fully capable of applying California law." <u>Foster</u>, 2007 WL 4410408. In addition, "it has been noted that where a federal court's jurisdiction is based on the existence of a federal question, as it is here, one forum's familiarity with supplemental state law claims should not override other factors favoring a different forum." <u>Id.</u> Nonetheless, given that four out of five of Plaintiff's claims arise out of California state law, the Court finds that this factor disfavors transfer.

### E. Remaining Factors

The remaining factors - the feasibility of consolidation with other claims, any local interest in the controversy, and the relative court congestion and time of trial in each forum - are neutral. To begin, there is no evidence of any other pending claims which might be consolidated with this action. In addition, both California and Missouri have interests in the controversy. California's interest lies in protecting the rights of its citizens, including the named Plaintiff and the putative class members of the proposed California class. Missouri's interest stems from the fact that Panera's headquarters are there and it is "the place where the personnel decisions at issue in this case were made." <u>Foster</u>, 2007 WL 4410408, at *7.

Finally, the evidence provided regarding court congestion does not favor one district over another. Although there are apparently fewer cases pending in the Eastern District of Missouri, the average time to trial in each district is

10

approximately two years.  <u>See</u> Opp'n at 14; Reply at 9; <u>see also</u>
<u>Foster</u>, 2007 WL 4410408, at *7.

**F.   <u>Forum Selection Clause</u>**

The final issue for the Court is the forum selection clauses
contained in the two employment agreements executed by the
parties.  <u>See</u> <u>Jones</u>, 211 F.3d at 498 (stating that forum selection
clause is a significant but not dispositive factor in a court's §
1404(a) analysis).

Pursuant to her employment with Panera, Plaintiff signed a
"First Amended and Restated Joint Venture General Manager
Compensation Plan" ("Compensation Plan"), and an "Employment
Agreement JV General Manager" ("Employment Agreement,"
collectively, the "Agreements").  Higgins Decl. Exs. A, B.  The
Compensation Plan outlines the compensation Plaintiff was to
receive based on incentive targets put forth by Panera.  The
Employment Agreement outlined Plaintiff's salary, vacation,
benefits, and termination compensation.  The Agreements both
contained forum selection clauses requiring that any disputes
arising under the Agreements be brought in a state or federal
court in Missouri.

"Whether a forum selection clause applies to tort claims
depends on whether resolution of the claims relates to
interpretation of the contract."  <u>Manetti-Farrow, Inc. v. Gucci</u>
<u>Am., Inc.</u>, 858 F.2d 509, 514 (9th Cir. 1988)  In the present case,
it does not appear that Plaintiff's claims require interpretation
of the contracts.  Rather, she asserts that, regardless of what
the contracts say, she was paid as an exempt employee but was in

**United States District Court**
For the Northern District of California

11

1  fact engaged primarily in non-exempt work.  The forum selection

2  clauses therefore are neutral.

3

4  **V.**    __CONCLUSION__

5       The second and third factors strongly favor transfer.  The

6  first and fourth factors, although weighing against transfer,

7  provide significantly less weight that the second and third.  As

8  the remaining factors are neutral, for the reasons discussed

9  herein, Panera's Motion to Transfer Venue is GRANTED.  Any matters

10 presently scheduled for hearing are VACATED and must be renoticed

11 in the United States District Court for the Eastern District of

12 Missouri.  The clerk shall transmit the file to the clerk in that

13 district pursuant to Civil Local Rule 3-14.

14

15

16       IT IS SO ORDERED.

17

18       Dated: July 21, 2008

19                                              _____

20                                              UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

12